Harlan B. Watkins - 176458
Arthur J. Harris - 246986
MURPHY, PEARSON, BRADLEY & FEENEY
88 Kearny Street, 10th Floor
San Francisco, CA 94108-5530
Tel:   (415) 788-1900
Fax:  (415) 393-8087

Attorneys for Defendant
DONALD GOLDEN, M.D.

FILED
ALAMEDA COUNTY
MAY 21 2008
CLERK OF THE SUPERIOR COURT
By _____ Deputy

IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

UNLIMITED JURISDICTION

DONALD GOLDEN, M.D.,

   Plaintiff,

v.

CALIFORNIA EMERGENCY PHYSICIANS MEDICAL GROUP; MEDAMERICA; MARK ALDERDICE; ROBERT BUSCHO; AND DOES 1 THROUGH 100, AND EACH OF THEM, INCLUSIVE,

   Defendants.

Case No.: RG08388602

COMPLAINT FOR DISCRIMINATION IN VIOLATION OF PUBLIC POLICY, CONSPIRACY, BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, BREACH OF FIDUCIARY DUTY, WRONGFUL TERMINATION, AND DAMAGES

BY FAX

Plaintiff alleges the following:

### PARTIES

1. DONALD GOLDEN, M.D., is, and at all times herein mentioned was, an individual, residing in the County of Alameda, State of California. Plaintiff is now and at all times mentioned herein was a duly licensed physician and in good standing in the State of California.

2. Defendant CALIFORNIA EMERGENCY PHYSICIANS MEDICAL GROUP ("CEP") is, and at all times mentioned herein was a partnership, organized and existing under the

- 1 -
COMPLAINT FOR DISCRIMINATION IN VIOLATION OF PUBLIC POLICY, CONSPIRACY, BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, BREACH OF FIDUCIARY DUTY, WRONGFUL TERMINATION, AND DAMAGES

State of California; Defendant MEDAMERICA is a practice management support company created by CEP in or about 1975; during the time of the discriminatory action set forth herein, Defendant MARK ALDERDICE, M.D. was the San Francisco Regional Medical Director for CEP, and Defendant ROBERT BUSCHO, M.D. was the Medical Director at Seton Coastside Medical Facility ("SMCC") for CEP at the time of the incident set forth herein, and DOES 1 through 100, and each of them, (hereinafter collectively "Defendants").

3. The true names and capacities, whether individual, corporate, associate or otherwise of Defendants DOES 1 through 100, inclusive, are unknown to Plaintiff, who therefore sues such Defendants by such fictitious names, and will amend this Complaint to show their true names and capacities when ascertained.

4. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of Defendants was the agent and employee of each of the remaining Defendants and in doing the things hereinafter alleged, was acting within the scope of such agency or employment.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

5. In 2004, Plaintiff became a member of CEP pursuant to the provisions of a written Partnership Agreement (the "Agreement").

6. Although he was a "partner", CEP management through its officers and their designees exercised total control over Plaintiff's compensation by having the power to appoint or remove Plaintiff for certain positions as well as control the number of shifts and hours he may work as an emergency physician. Plaintiff was therefore in addition to being a partner also an employee of CEP.

7. In or about 2004, Plaintiff was hired at Seton Coastside without board certification. He never represented that he was board certified when he applied, nor did anyone at Coastside or CEP ever advise him that board certification was a requirement to

- 2 -
COMPLAINT FOR DISCRIMINATION IN VIOLATION OF PUBLIC POLICY, CONSPIRACY, BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, BREACH OF FIDUCIARY DUTY, WRONGFUL TERMINATION, AND DAMAGES

maintaining a position at Coastside.

8. In or about 2006, Plaintiff was recommended for step/level four (4) advancement. During his initial evaluation process, each and every evaluator recommended him for advancement. However, Dr. Alderdice recommended against Plaintiff's advancement. A second round of evaluations then occurred, in which the previous evaluators unanimously recommended to promote Plaintiff to step 4. Plaintiff was promoted to level 4 in or about 2007.

9. Dr. Alderdice appointed Dr. Buscho as Medical Director of Seton Coastside.

10. In 2007, Dr. Alderdice and Dr. Buscho removed Plaintiff from the Seton Coastside roster schedule. Pursuant to the CEP agreement that Plaintiff executed with CEP, Defendants were required to assist Plaintiff in obtaining comparable employment once he was removed from the Seton Coastside roster schedule. Defendants made no attempt to place Plaintiff at another CEP facility, nor did they aid Plaintiff in obtaining employment at a non-CEP medical facility.

11. Unbeknownst to Plaintiff, Dr. Alderdice in fact wrongfully took affirmative steps to impede Plaintiff from obtaining gainful employment with other medical facilities.

12. In 2007, the credential coordinator for Seton Medical Center, sent Dr. Alderdice an email advising him that he had the option of waiving an alleged board certification requirement. Dr. Alderdice sent a responsive email stating that he would not waive the requirement for Plaintiff and requested that the credential committee simply let Plaintiff's staff membership expire. Dr. Alderdice was advised that the credential committee could not let Plaintiff's membership expire because Plaintiff had already submitted his reappointment paperwork in the appropriate manner and in a timely fashion. Further, he was informed that the committee would either need to reappoint Plaintiff immediately to avoid a late appointment or Plaintiff would have to submit a formal letter of resignation.

13. After Dr. Alderdice was advised that Seton would waive any board certification

- 3 -

COMPLAINT FOR DISCRIMINATION IN VIOLATION OF PUBLIC POLICY, CONSPIRACY, BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, BREACH OF FIDUCIARY DUTY, WRONGFUL TERMINATION, AND DAMAGES

requirements, Dr. Alderdice then actively misled Plaintiff in an attempt to force Plaintiff's resignation. Dr. Alderdice falsely represented to Plaintiff that his reappointment application would be denied because Plaintiff lacked board certification and that such denial was a required reportable event on all future medical staff applications. Dr. Alderdice also falsely represented to Plaintiff that he had no control over the committee's decision and requested Plaintiff voluntarily and immediately send a letter of resignation to the credential committee so that his reappointment application did not have to be considered.

14. In 2007, on the day of the credential committee's hearing on Plaintiff's reappointment application, the committee advised Dr. Alderdice that they were considering grandfathering Plaintiff in, and not requiring board certified in order to continue to work for Seton.

15. On at least two separate occasions, two Caucasian non-board certified doctors working at CEP facilities were not required to obtain board certification to continue to receive shifts at those facilities. Both doctors were "grandfathered in" based on the experience they gained while working in their respective departments and facilities. Plaintiff, unlike these doctors, was denied waiver of the alleged board certification requirement solely because of his race. Defendants, and each of them, racially discriminated against Plaintiff because he is an African-American.

16. The committee solicited recommendations directly from Dr. Buscho and Dr. Alderdice for the manner in which to handle Plaintiff's reappointment application. Both doctors continued to racially discriminate against Plaintiff and advised the committee against approving Plaintiff's reappointment application.

17. The Credential Committee subsequently denied Plaintiff's reappointment application.

18. Plaintiff then demanded a summary of the investigation and plans for correction from the CEP HR-Department.

19. In 2007, an internal CEP mediation proceeding was held, in which the CEP members

- 4 -

COMPLAINT FOR DISCRIMINATION IN VIOLATION OF PUBLIC POLICY, CONSPIRACY, BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, BREACH OF FIDUCIARY DUTY, WRONGFUL TERMINATION, AND DAMAGES

considered Plaintiff's grievance against Dr. Alderdice. The CEP members committee, once again, conspired with and ratified Dr. Alderdice's discriminatory actions by deciding not to reconsider the credential committee's decision to deny Plaintiff's reappointment application.

20. At all times herein mentioned, Defendant CEP and Does 1 through 100, aided and abetted and acted in concert with and in conspiracy with Defendants Alderdice and Buscho in discriminating against, harassing, and wrongfully terminating Plaintiff.

21. Prior to filing of this Complaint Plaintiff filed a Complaint with Department of Fair Housing and Employment (hereinafter "FEHA") against Defendants.

22. FEHA subsequently provided Plaintiff right to sue letters.

### FIRST CAUSE OF ACTION
### (Discrimination Against Public Policy)
### All Defendants

23. Plaintiff incorporates and realleges those allegations set forth in Paragraphs 1 through 22 above as though fully set forth herein.

24. The California Constitution (Article I, §§7 and 8) and the California Fair Employment and Housing Act (Government Code §12900 et seq. and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 et. seq.) establish a public policy forbidding discrimination against any person based on the individual's race.

25. The above-described conduct of Defendants constitutes racial and color discrimination of Plaintiff is in violation of public policy embodied in the FEHA.

26. Defendants actions as described herein by knowingly and intentionally disregarding Plaintiff's request for more shifts, taking affirmative actions to prevent his employment at other facilities, falsely advising him that his board certification requirement could be waived, denying his request that his board certification requirement be waived up and until he passed his board examination, and/or that he be grandfathered in similar to other non-board certified doctors presently employed by CEP are racially

- 5 -

discriminatory in that all the actions described are a direct result of Plaintiff's color, race, and/or ethnicity which violates federal and state law.

27. As a proximate result of Defendants' racially discriminatory actions against Plaintiff as set forth above, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, and other amounts of compensation that Plaintiff would have received had Plaintiff not been removed from his position at Seton Coastside and being denied reappointment with CEP facilities, and being denied hours that he requested.

28. As a further proximate result of Defendants' discriminatory actions against Plaintiff as alleged above, Plaintiff has suffered the intangible loss of other potential employment-related opportunities in that the medical community is closely connected, Plaintiff by reason of having brought this action against CEP will be denied other opportunities that would have benefited him economically.

29. As a further proximate result of Defendants' discriminatory actions against Plaintiff, as alleged above, Plaintiff has suffered mental anguish and emotional distress in an amount to be shown according to proof.

## SECOND CAUSE OF ACTION
### (Conspiracy)
### All Defendants

30. Plaintiff incorporates and realleges those allegations set forth in Paragraphs 1 through 22 above as though fully set forth herein.

31. At all times herein mentioned, Defendant CEP and Does 1 through 100, aided and abetted and acted in concert with and in conspiracy with Defendants Alderdice and Buscho in discriminating against, harassing, and wrongfully terminating Plaintiff based on his color, race, and/or ethnicity.

32. As a proximate result of Defendants' racially discriminatory actions against Plaintiff as set forth above, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, and other amounts of compensation that Plaintiff would have

- 6 -

COMPLAINT FOR DISCRIMINATION IN VIOLATION OF PUBLIC POLICY, CONSPIRACY, BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, BREACH OF FIDUCIARY DUTY, WRONGFUL TERMINATION, AND DAMAGES

received had Plaintiff not been removed from his position at Seton Coastside and being denied reappointment with CEP, and being denied hours that he requested.

33. As a further proximate result of Defendants' discriminatory actions against Plaintiff as alleged above, Plaintiff has suffered the intangible loss of other potential employment-related opportunities in that the medical community is closely connected, Plaintiff by reason of having brought this action against CEP will be denied other opportunities that would have benefited him economically.

34. As a further proximate result of Defendants' discriminatory actions against Plaintiff, as alleged above, Plaintiff has suffered mental anguish and emotional distress in an amount to be shown according to proof.

### THIRD CAUSE OF ACTION
### (Breach Of Contract)
### All Defendants

35. Plaintiff incorporates and realleges those allegations set forth in Paragraphs 1 through 22 above as though fully set forth herein.

36. Plaintiff performed all of the conditions and obligations of the Agreement to be performed by him.

37. Defendants, and each of them, breached the Agreement by discriminating against Plaintiff and failing to perform their obligations under the terms of the Agreement.

38. As a proximate result of Defendants' racially discriminatory actions against Plaintiff as set forth above, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, and other amounts of compensation that Plaintiff would have received had Plaintiff not been removed from his position at Seton Coastside and being denied reappointment with CEP, and being denied hours that he requested.

39. As a further proximate result of Defendants' discriminatory actions against Plaintiff as alleged above, Plaintiff has suffered the intangible loss of other potential employment-related opportunities in that the medical community is closely connected, Plaintiff by

- 7 -

reason of having brought this action against CEP will be denied other opportunities that would have benefited him economically.

40. As a further proximate result of Defendants' discriminatory actions against Plaintiff, as alleged above, Plaintiff has suffered mental anguish and emotional distress in an amount to be shown according to proof.

**FOURTH CAUSE OF ACTION**
(Breach Of The Covenant of Good Faith And Fair Dealing)
**All Defendants**

41. Plaintiff incorporates and realleges those allegations set forth in Paragraphs 1 through 22 above as though fully set forth herein.

42. Implied in every contract in the State of California is an implied condition of good faith and fair dealing, that neither party will take any action to make the fulfillment of the obligations of the contract difficult or impossible.

43. Pursuant to Corporations Code § 16404, subsection (d), a partner shall discharge duties to the partnership and the other partners under the partnership agreement and exercise any rights consistently with the obligation of good faith and fair dealing.

44. Defendants breached the implied covenant of good faith and fair dealing by ignoring and disregarding Plaintiff's request to have his board certification requirements waived and being grandfathered in similar to other physicians employed by CEP.

45. As a proximate result of Defendants' discriminatory actions against Plaintiff as set forth above, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, and other amounts of compensation that Plaintiff would have received had Plaintiff not been removed from his position at Seton Coastside and being denied reappointment with CEP, and being denied hours that he requested.

46. As a further proximate result of Defendants' discriminatory actions against Plaintiff as alleged above, Plaintiff has suffered the intangible loss of other potential employment-related opportunities in that the medical community is closely connected, Plaintiff by

- 8 -

reason of having brought this action against CEP will be denied other opportunities that would have benefited him economically.

47. As a further proximate result of Defendant's discriminatory actions against Plaintiff, as alleged above, Plaintiff has suffered mental anguish and emotional distress in an amount to be shown according to proof.

### FIFTH CAUSE OF ACTION
(Breach Of Fiduciary Duty)
**All Defendants**

48. Plaintiff incorporates and realleges Paragraphs 1 through 22 and each and every allegation as though fully set forth herein.

49. A partner owes a fiduciary duty of care to the partnership and other partners in the conduct of the partnership business.

50. Defendants breached their duty of care to the partnership and to Plaintiff by knowingly and intentionally disregarding Plaintiff's request for more shifts, that his board certification requirement be waived up and until he passed his board examination, and/or that he be grandfathered in similar to other non-board certified doctors presently employed by CEP.

51. As a proximate result of Defendants' discriminatory actions against Plaintiff as set forth above, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, and other amounts of compensation that Plaintiff would have received had Plaintiff not been removed from his position at Seton Coastside and being denied reappointment with CEP, and being denied hours that he requested.

52. As a further proximate result of Defendants' breach of fiduciary duty, Plaintiff has suffered the intangible loss of other potential employment-related opportunities in that the medical community is closely connected, Plaintiff by reason of having brought this action against CEP will be denied other opportunities that would have benefited him economically.

COMPLAINT FOR DISCRIMINATION IN VIOLATION OF PUBLIC POLICY, CONSPIRACY, BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, BREACH OF FIDUCIARY DUTY, WRONGFUL TERMINATION, AND DAMAGES

53. As a further proximate result of Defendants' discriminatory actions against Plaintiff, as alleged above, Plaintiff has suffered mental anguish and emotional distress in an amount to be shown according to proof.

### SIXTH CAUSE OF ACTION
### (Wrongful Termination)
### All Defendants

54. Plaintiff incorporates and realleges Paragraphs 1 through 29 and each and every allegation as though fully set forth herein.

55. As a proximate result of Defendants' discriminatory actions against Plaintiff as set forth above, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, and other amounts of compensation that Plaintiff would have received had Plaintiff not been removed from his position at Seton Coastside and being denied reappointment with CEP, and being denied hours that he requested.

56. As a further proximate result of Defendants' violation of public policy by wrongfully terminating Plaintiff, Plaintiff has suffered the intangible loss of other potential employment-related opportunities in that the medical community is closely connected, Plaintiff by reason of having brought this action against CEP will be denied other opportunities that would have benefited him economically.

57. As a further proximate result of Defendants' discriminatory actions against Plaintiff, as alleged above, Plaintiff has suffered mental anguish and emotional distress in an amount to be shown according to proof.

58. The above-cited actions of Defendants' were done with malice, fraud or oppression, and with reckless disregard of the Plaintiff's rights under state and federal statutes all of which entitle Plaintiff to recovery of exemplary and punitive damages, and to recovery of reasonable attorneys fees.

IN WITNESS WHEREFORE, Plaintiff prays judgment as follows:

COMPLAINT FOR DISCRIMINATION IN VIOLATION OF PUBLIC POLICY, CONSPIRACY, BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, BREACH OF FIDUCIARY DUTY, WRONGFUL TERMINATION, AND DAMAGES



1. For general damages for lost wages, salary, benefits and compensation;
2. For damages for loss of economic opportunity;
3. For damages for mental anguish and emotional distress;
4. For punitive and exemplary damages and for attorneys fees;
5. For costs of suit; and
6. For such other and further relief as the Court deems just and proper.

DATED: May 20, 2008

MURPHY, PEARSON, BRADLEY & FEENEY

By /s/ Harlan B. Watkins
Harlan B. Watkins
Attorneys for Plaintiff
DONALD GOLDEN, M.D.

- 11 -

COMPLAINT FOR DISCRIMINATION IN VIOLATION OF PUBLIC POLICY, CONSPIRACY, BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, BREACH OF FIDUCIARY DUTY, WRONGFUL TERMINATION, AND DAMAGES