# EXHIBIT 108

ORIGINAL

FILED
ALAMEDA COUNTY
JAN 15 2010
CLERK OF THE SUPERIOR COURT

1  SARAH E. ROBERTSON #142439
   MARK A. DELGADO #215618
2  FITZGERALD ABBOTT & BEARDSLEY LLP
   1221 Broadway, 21st Floor
3  Oakland, California 94612
   Telephone: (510) 451-3300
4  Facsimile: (510) 451-1527
   Email: srobertson@fablaw.com
5         mdelgado@fablaw.com

6  Attorneys for Defendants
   CALIFORNIA EMERGENCY
7  PHYSICIANS MEDICAL GROUP,
   MARK ALDERDICE, M.D.,
8  and ROBERT BUSCHO, M.D.

9  SUPERIOR COURT OF CALIFORNIA

10  COUNTY OF ALAMEDA - RENE C. DAVIDSON COURTHOUSE

| | |
|---|---|
| DONALD GOLDEN, M.D.,<br><br>Plaintiff,<br><br>vs.<br><br>CALIFORNIA EMERGENCY PHYSICIANS MEDICAL GROUP; MEDAMERICA; MARK ALDERDICE; ROBERT BUSCHO; AND DOES 1 THOUGH 1000, AND EACH OF THEM, INCLUSIVE,<br><br>Defendants. | Case No.: RG08388602<br><br>ASSIGNED FOR ALL PURPOSES TO JUDGE GAIL BREWSTER BEREOLA DEPARTMENT 19<br><br>ANSWER TO THIRD AMENDED COMPLAINT BY DEFENDANTS CALIFORNIA EMERGENCY PHYSICIANS MEDICAL GROUP, MARK ALDERDICE, M.D., AND ROBERT BUSCHO, M.D. |

COME NOW, Defendants California Emergency Physicians Medical Group ("CEP"), Mark Alderdice, M.D., and Robert Buscho, M.D., on behalf of themselves and for no other defendant, and in answer to the unverified Third Amended Complaint ("TAC") in the above-captioned action filed by Plaintiff Donald Golden, M.D. (hereinafter "Plaintiff"), allege as follows:

### GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30(d), Defendants generally deny each and every, all and several of the allegations contained in Plaintiff's unverified TAC and further deny that Plaintiff has suffered any damage in the manner alleged or in any amount

1
ANSWER TO THIRD AMENDED COMPLAINT BY CEP, ALDERDICE AND BUSCHO
1/14/10 (25615) #357412.1

as a result of the alleged acts or omissions of Defendants.

## AFFIRMATIVE DEFENSES

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the TAC, and each count and cause of action thereof, fails to state facts sufficient to constitute a cause of action against Defendants.

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the Court lacks jurisdiction over the subject matter of this action.

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the TAC, and each count and cause of action thereof, is barred, in whole or in part, by the applicable statutes of limitation, including, but not limited to, Code of Civil Procedure sections 335.1, 337(1), 337(3), 338(a), 339(1), 339(3), 340(a), 340(b) and 343 and/or Government Code sections 12960 and 12965 and/or and any applicable provisions of federal law.

AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant CEP alleges that the first and second causes of action are barred because Plaintiff was not an employee of any Defendant but was and is a bona fide partner of Defendant CEP.

AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the first cause of action in the TAC is barred, in whole or in part, due to Plaintiff's failure to exhaust his administrative remedies in a timely manner pursuant to the Fair Employment and Housing Act.

AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the TAC, and each count and cause of action thereof, is barred, in whole or in part, due to Plaintiff's failure to exhaust the internal administrative remedies provided to him under the policies and procedures of CEP and/or Seton Coastside Medical Facility.

AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that if and to the extent Plaintiff was treated differently from other comparably-situated CEP partners, which Defendants deny, that treatment was fully justified by bona fide factors based on job-related criteria and was based on CEP's policies, procedures and the CEP Partnership Agreement signed by Plaintiff, CEP's contract with Seton Coastside Medical Facility, and/or

the bylaws of Seton Coastside Medical Facility, and, as a result, the TAC and each cause of action contained therein is therefore barred.

AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the TAC, and each count and cause of action thereof, is barred because any action taken by Defendants in relation to Plaintiff was taken for legitimate, non-discriminatory and non-retaliatory reasons.

AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the third cause of action is barred because Plaintiff is not and never has been a recipient of any Defendant's "facilities, privileges, or services" and is not otherwise entitled to the protections of the California Unruh Act, Civil Code section 51.

AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that each Defendant has duly performed, satisfied, and discharged all duties and obligations each Defendant may have owed to Plaintiff arising out of any or all alleged agreements, representations or contracts entered into by and between the parties, and this action is therefore barred.

AS A ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the fifth and sixth causes of action are barred because each Defendant's performance under the alleged contract was excused based on Plaintiff's conduct, acts, and/or omissions.

AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the fifth and sixth causes of action are barred because Plaintiff failed to perform all conditions, covenants and promises required by him to be performed in accordance with the terms and conditions of the alleged contract entered into by and between the parties.

AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff is equitably estopped from asserting each and every cause of action alleged in the TAC because Plaintiff has, by his own conduct, intentionally induced, caused, and/or contributed to the action of which Plaintiff now complains.

AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff's causes of action are uncertain.

AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff is not entitled to relief because he acted and reacted to the matters alleged in the Complaint with unclean hands.

AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff has not suffered any damages as a result of any alleged acts or omissions of Defendants.

AS AN SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that if Plaintiff has suffered or will suffer any damages, those damages are the result of his own conduct and not any improper conduct by Defendant.

AS AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff failed to take reasonable steps to mitigate the alleged damages, if any, which he claims to have sustained, and therefore recovery should be barred or diminished accordingly.

AS A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claims for damages are barred, in whole or in part, by the doctrine of after-acquired evidence.

AS A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the first, second, and fourth causes of action fail to state facts sufficient to constitute a claim for punitive damages against Defendants.

AS A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that neither the TAC, nor any portion thereof, alleges facts sufficient to state a claim for attorneys' fees.

WHEREFORE, Defendants pray that:

1. Plaintiff takes nothing by his TAC and that the TAC be dismissed in its entirety with prejudice;

2. Defendants be awarded attorneys' fees and cost of suit; and

///

///

3. Defendants be awarded such other and further relief as the Court may deem just and proper.

Dated: January 15, 2010

FITZGERALD ABBOTT & BEARDSLEY LLP

By _____
Sarah E. Robertson
Attorneys for Defendants
CALIFORNIA EMERGENCY
PHYSICIANS MEDICAL GROUP, MARK
ALDERDICE, M.D.,
and ROBERT BUSCHO, M.D.

## PROOF OF SERVICE - C.C.P. §§1011-1013a

I, the undersigned, declare: I am employed in the County of Alameda, State of California. I am over the age of 18 and not a party to the within action. I am employed by Fitzgerald, Abbott & Beardsley, located at 1221 Broadway, 21st Floor, Oakland, CA 94612. I am readily familiar with this firm's business practice of processing of documents for service.

On **January 15, 2010**, I served a true and correct copy of the following document(s):

**ANSWER TO THIRD AMENDED COMPLAINT BY DEFENDANTS CALIFORNIA EMERGENCY PHYSICIANS MEDICAL GROUP, MARK ALDERDICE, M.D., AND ROBERT BUSCHO, M.D.**

on all the following interested parties, by causing service by the method indicated below:

Mitchell J. Green, Esq.
CURTIS & GREEN, LLP
c/o Alameda County Superior Court
County Administration Building
1221 Oak Street
Department 19
Oakland, CA 94612
*Attorney for Plaintiff*

|   | |
|---|---|
|   | U.S. Mail - By placing a copy of said document(s) in a sealed envelope addressed as stated above, with postage thereon fully prepaid, and depositing said envelope with the U.S. Postal Service, following this firm's business practices. |
|   | Overnight Delivery - By placing a copy of said document(s) in a sealed pre-paid overnight envelope or package and depositing said envelope or package today in a box or other facility regularly maintained by the express service carrier, following this firm's business practices. |
| X | Personal Service - By personally serving today said document(s) to the attorney or party as stated above. |
|   | Facsimile - By placing a true copy thereof into a facsimile machine to the fax number stated above, as agreed upon in writing, by the parties. |

I declare under the penalty of perjury under laws of the State of California that the foregoing is true and correct. Executed on **January 15, 2010**, at Oakland, California.

*/s/ Sarah E. Robertson*
Sarah E. Robertson