Mitchell J. Green  (SBN 127718)
CURTIS & GREEN, LLP
1101 Fifth Ave, Suite 310
San Rafael, CA 94901
Tel: 415.456.4600 / Fax: 415.455.0270
Email: mgreen@curtisgreenlaw.com

Attorney for Donald Golden, M.D.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO

| | |
|---|---|
| DONALD GOLDEN, M.D.,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CALIFORNIA EMERGENCY PHYSICIANS MEDICAL GROUP, MEDAMERICA, MARK ALDERDICE, ROBERT BUSCHO, and DOES 1-100, inclusive,<br><br>　　　　Defendants. | Case No.: C10-00437 JSW<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: May 14, 2010<br>Time: 1:30 p.m.<br>Courtroom: # 11 (San Francisco)<br>Judge: Hon. Jeffrey S. White |

　　　　Pursuant to Civil Local Rule 16-9, the parties submit the following Joint Case Management Statement.  This case was removed to federal court after it had been on file in state court for nearly two years.  The basis for removal was the Plaintiff's addition of a federal claim in an amended complaint.  In the state court action, the parties engaged in extensive discovery and law and motion activity, and participated in several days of mediation.  The parties believe that the primary (if not only) matter for consideration at this Case Management Conference is the setting of a trial date.

　　　　To comply with the Standing Order for All Judges of the Northern District of California regarding the required contents of the Joint Case Management Statement, the parties provide the following:

1.　　Jurisdiction and Service:  This is a case of alleged race discrimination brought by a physician against the partnership through which he practiced medicine. The case was removed to federal court by defendants at the time plaintiff amended the complaint to add a federal cause

of action under 42 U.S.C.A. § 1981.  At the time of removal, discovery had been completed under the California Code of Civil Procedure rules in all respects, except for a few discrete matters that are the subject of a cooperative agreement between counsel.

2.-4.    Facts; Legal Issues; Motions:  A summary of factual and legal issues in dispute can be found in the papers supporting and opposing Defendants' motion for summary adjudication/summary judgment filed in the state court action.  Copies of the papers were provided to the Court with the Notice of Removal.

5.    Amendment of Pleadings: The parties do not anticipate further amendment of the pleadings.

6.    Evidence Preservation: As noted above, discovery has been completed, with a few minor exceptions.  Steps were taken to preserve evidence relevant to the issues in this action at the time the case began in state court, and document preservation measures remain in place.

7.    Disclosures: Given that discovery is nearly complete, including extensive production of documents by both parties and numerous depositions, the parties agreed that this sufficed as compliance with the initial disclosure requirements of Fed. R. Civ. P. 26.

8.    Discovery: Given that discovery is nearly complete, the parties agreed that a discovery plan pursuant to Fed. R. Civ. P. 26(f) was not needed.  The parties anticipate completing the pending discovery matters by agreement well before trial, and consent to have any discovery disputes heard by a magistrate, if necessary.

9., 10. Class Actions; Related Cases: This is not a class action and there are no related cases.

11.    Relief:

Plaintiff: Plaintiff seeks damages for lost income to date of trial.  Plaintiff also seeks reinstatement through injunctive relief. If this injunctive relief is denied, plaintiff seeks damages for future lost income. Plaintiff's past and future lost income claims are based on income attributable to the amounts he would have earned had he been allowed to continue to work the shifts he was working prior to the discriminatory and retaliatory acts alleged.  The damages are calculated based on the shift rate plaintiff received while employed. The base damage claim for lost income to date is approximately $330,000.00. This amount is subject to

adjustment for bonus compensation. Future lost income is the subject of expert testimony. Both bonus income and future income loss are the subjects of the deferred discovery.

Although plaintiff has had success finding employment, none of this employment interferes with or precludes plaintiff from working the shifts he previously worked and earning income above and in addition to the income from his new employment.

Defendants: Defendants anticipate establishing at trial that the reasons underlying Plaintiff's removal from the schedule at two sites where he performed clinical work were legitimate and were not discriminatory or retaliatory. Accordingly, Defendants' position is that neither back pay, nor front pay, nor reinstatement, is appropriate. Defendants will also establish that Plaintiff failed to mitigate his alleged damages, which would limit or preclude any award of back or front pay. Additionally, to the extent Plaintiff began working for an entity other than CEP since his removal, his earnings should count as an offset against any claimed economic loss.

12. <u>Settlement and ADR</u>: The parties have completed two face-to-face mediation sessions and have engaged in extensive and on-going settlement efforts with the continuing assistance of the mediator, Steven Rosenberg.

13. <u>Consent to Magistrate Judge For All Purposes</u>: The parties do not consent to a magistrate judge for all purposes.

14. <u>Other References</u>: This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>: In the state court action, Defendants attempted, largely unsuccessfully, to narrow the issues for trial through dispositive motions. The parties are amenable to attempting to narrow factual and legal issues to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts).

16. <u>Expedited Schedule</u>: As noted above, the parties agree that this case is appropriate for trial setting.

17. <u>Scheduling</u>: Plaintiff's counsel is unavailable for trial June 28, 2010-July 9, 2010; December 1, 2010-February 1, 2011; and March 21, 2011-April 1, 2011. Defense counsel

and/or the primary defense witnesses are unavailable for trial as follows: June 11-24, 2010; July 10-18, 2010; August 1-September 2, 2010; September 28-October 2, 2010; October 6-28, 2010; November 9-10, 2010; December 8-9, 2010 and January 1, 2011-March 18, 2011.

18. <u>Trial</u>: Plaintiff requests trial by jury. The parties anticipate the trial would last 10-12 court days.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>: By the time of the Case Management Conference, all parties will have filed the Certification of Interested Entities or Persons required by Civil Local Rule 3-16. The only persons, or entities who have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding are the named parties. Defendant California Emergency Physicians Medical Group has roughly 1,000 partners and will provide to the Court a list of every partner in the partnership prior to the Case Management Conference.

Dated: May 7, 2010    CURTIS & GREEN LLP

By    /s/ Mitchell J. Green
   Mitchell J. Green
   Attorneys for Plaintiff Donald Golden M.D.

Dated: May 7, 2010    FITZGERALD ABBOTT & BEARDSLEY LLP

By    /s/ Sarah E. Robertson
   Sarah E. Robertson
   Attorneys for Defendants California Emergency Physicians Medical Group, Mark Alderdice and Robert Buscho