1  Mitchell J. Green (SBN 127718)
2  CURTIS & GREEN, LLP
   1101 Fifth Ave, Suite 310
3  San Rafael, CA 94901
   Tel: 415.456.4600 / Fax: 415.455.0270
4  Email: mgreen@curtisgreenlaw.com

5  Attorney *In Pro Per*

6
7
8                   IN THE UNITED STATES DISTRICT COURT
9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11 DONALD GOLDEN, M.D.,           )
                                  )   No. C-10-00437 JSW
12      Plaintiff,                )
                                  )   **NOTICE OF MOTION AND**
13 v.                             )   **MOTION TO INTERVENE AND**
                                  )   **MOTION TO ENFORCE COURT'S**
14 CALIFORNIA EMERGENCY           )   **AUGUST 1, 2010 ORDER RE**
   PHYSICIANS MEDICAL GROUP;      )   **SETTLEMENT; MEMORANDUM;**
15 MEDAMERICA; MARK ALDERDICE;    )   **DECLARATION OF MITCHELL J.**
   ROBERT BUSCHO; AND DOES 1      )   **GREEN; [PROPOSED] ORDER**
16 THROUGH 100, AND EACH OF THEM, )
17                                )   DATE: March 30, 2011
   INCLUSIVE,                     )   TIME: 9:00 a.m.
18                                )   COURTROOM: 11 (Judge Jeffrey
                                  )   White)
19      Defendants.               )

20
21 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

22      PLEASE TAKE NOTICE that on March 30, 2012 at 9:00 a.m., or as soon thereafter as the

23 matter may be heard before Judge Jeffrey S. White in Courtroom # 11of the above Court, located

24 at 450 Golden Gate Ave., San Francisco, CA 94102, Mitchell J. Green (Applicant) will, and

25 hereby does, move this Court for an order (i) permitting intervention of right under

26 Fed.R.Civ.Proc. 24(a); (ii) in the alternative, permitting permissive intervention under

27
28 Fed.R.Civ.Proc. 24(b); and (iii) enforcing the August 1, 2010 order of this court regarding

settlement.

This motion is brought on the grounds that Applicant meets the requirements for intervention of right or, in the alternative, permissive intervention, and that plaintiff is obligated to comply with the August 1, 2010 order of this court, but has not done so.

This motion is based upon this Notice; the accompanying the memorandum of points and authorities filed herewith; the Declaration of Mitchell J. Green, and the papers and records on file in this action; and upon any evidence and argument presented at the hearing of this motion.

Dated: February 16, 2012                           CURTIS & GREEN, LLP

By: _____
     Mitchell J. Green
     Attorney In Pro Per

**MEMORANDUM**

## I.  INTRODUCTION

This is a motion to intervene by plaintiff's former attorney, Mitchell J. Green (Applicant) for the limited purpose of enforcing this court's order of August 1, 2008 (Docket # 57) ordering plaintiff Donald Golden, M.D. to sign the settlement agreement herein. Intervention is sought under both Fed. R. Civ. Proc.24(a)(intervention of right) and, in the alternative, Fed. R. Civ. Proc. 24(b)(permissive intervention). Intervenor has standing to intervene because he has a contingent fee interest in the settlement funds, which is a sufficient interest for intervention. *Venegas v. Skaggs* (9th Cir. 1989) 867 F.2d 527, 528. Relief is requested insofar as Dr. Golden has not signed the settlement agreement as ordered. The relief requested is an order requiring defendants to deposit the settlement funds with court, and further ordering that the settlement shall be deemed fully performed by defendants as of the time of such deposit.

## II.  BACKGROUND

The underlying claim at issue in this litigation was a race discrimination claim brought by plaintiff Donald Golden, M.D. against defendant California Emergency Physicians (CEP) and two of its supervisors. This claim was settled by Magistrate Judge Ryu on March 22, 2010, following a referral from this court for mediation. *See* Civil Conference Minute Order (Docket # 31). At this time, plaintiff appeared in open court and confirmed the settlement on the court's FTR recording system.[1] Order re Referral Regarding Enforcement of Settlement (Docket # 34).

Nevertheless, shortly thereafter Dr. Golden repudiated the settlement and refused to sign final settlement documents. The matter was referred back to Magistrate Judge Ryu who

---

[1] A partial transcript of the settlement proceeding is attached as an exhibit to Defendants ... Brief re Enforceability of Settlement Agreement (Docket #38).

recommended affirmance of the settlement. Report and Recommendation Re Enforcement of Settlement Agreement (Docket # 52).

On August 1, 2010, this court adopted Judge Ryu's recommendations and ordered Dr. Golden to sign the settlement agreement by August 15, 2011, after which the case would be dismissed. Order Adopting Report And Recommendation re Enforcement of Settlement Agreement (Docket # 57) ("Plaintiff shall sign and return the agreement to Defendants by no later than August 15, 2011.")

Dr. Golden discharged Applicant as his attorney on August 12, 2010l. Green Decl.

Dr. Golden did not sign the agreement as ordered, but appealed. His appeal was dismissed on January 9, 2012 and mandate was effective on January 31, 2012 (Docket # 66). This court characterized the appeal as "not taken in good faith." Order Denying Application to Proceed *in Forma Pauperis* on Appeal (Docket #62).

Notwithstanding the dismissal of his appeal, Dr. Golden renewed his efforts to obtain relief from the settlement by letter to this court on January 10, 2012. Docket # 65.

Dr. Golden has still not signed the settlement agreement. The case remains on the court's docket, but is in limbo.

## III.  RELIEF REQUESTED

Intervenor requests an order (i) granting intervention; (ii) directing defendants to deposit the full amount of settlement with the court by noon on April 16, 2012; (iii) deeming the settlement fully performed by defendants and all of the terms of the settlement, including all releases contained therein, valid and effective.

The court should note that this motion does not, at this time, seek to compel a distribution of funds to Applicant. The need for such an order may be obviated by Dr. Golden's good faith performance following the entry of the order sought herein.

## IV.  INTERVENTION SHOULD BE GRANTED

In order to be granted intervention of right under Fed. R. Civ. Proc. 24(a), a moving party must show the following:

A.  *The application must be timely*. This application is timely. The Ninth Circuit's Mandate issued effective January 31, 2012.

B.  *The applicant must have an interest relating to the property or transaction which is the subject of the action*.  Applicant has the required interest. He has a contingent fee interest in the settlement. This has been held to entitle an attorney to intervention of right. *See Valley Ranch Development Co., Ltd. v. F.D.I.C.* (5th Cir. 1992) 960 F.2d 550 ("We have held, however, that a discharged lawyer with a contingent fee agreement does have an "interest" for purposes of intervention... .A contingency contract thus constitutes an "interest."(citations omitted)). *See also Keith v. St. George Packing Co., Inc*. (5th Cir. 1986) 806 F.2d 525 (attorney who entered into contingent fee contract with client and was subsequently discharged by client, was entitled to intervene of right in client's personal injury action in order to protect attorney's rights under contingent fee contract with client).

In the Ninth Circuit, this issue has been addressed in the context of permissive intervention under Fed. R.C.P. 24(b), which requires some commonality of fact of law.  The appellate court found that the trial court had abused its  discretion by denying an attorney permissive intervention to protect his interest in a contingent fee. *Venegas v. Skaggs* (9th Cir. 1989) 867 F.2d 527, 528 aff'd sub nom. Venegas v. Mitchell (1990) 495 U.S. 82 ("We hold that the district court abused its discretion in denying Mitchell's intervention motion, and remand the case to the district court.)

C.  *The applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest*. Applicant is so situated.  Dr. Golden chooses not to sign the settlement document and thereby excuse defendants from any obligation to tender settlement funds.  Under these circumstances, defendants have the best of both worlds and no motive to complete the settlement. They have all of the benefits of the settlement (*i.e.*, protection from further litigation) and none of they burdens (*i.e.*, no obligation to pay the settlement amount they promised to pay.) Unless Applicant is allowed to intervene, there will be no disposition of this matter, except possibly by dismisal for want of prosecution. This would prejudice Applicant's interest in the settlement.

D.  *It must appear that the applicant's interest is inadequately represented by the existing parties. See* Dicussion *infra* at IV.C.

## V. THE AUGUST 1, 2010 ORDER SHOULD BE ENFORCED

Dr. Golden has had the opportunity to present his claims to five judges: Magistrate Judge Ryu, this court (which, as noted, believed Dr. Golden was acting in bad faith), and to three appellate judges.  The settlement proceedings have been reviewed and adjudicated to be valid and binding.  The August 1, 2010 is a binding order, violation of which triggers the full range of contempt powers of the court. There is no reason not to enforce the August 1, 2010 order, and failure to do so would diminish the credibility of the court. Under the peculiar circumstances of Dr. Golden continuing refusal to abide by the court's August 1, 2010 order, there is no way to enforce the order other than as is being requested by Applicant.

## VI. CONCLUSION

For the reasons stated, the motion to intervene and the relief requested by Applicant should be granted.

1 | Dated: February 16, 2012          CURTIS & GREEN, LLP

                                      *[signature: Mitchell J. Green]*

                                      By: _____
                                          Mitchell J. Green
                                          Attorney In Pro Per

# DECLARATION OF MITCHELL J. GREEN

I, Mitchell J. Green, declare:

1. I am an attorney licensed to practice law in California. I was the attorney for Donald Golden, M.D., the plaintiff in this action. I have personal knowledge of the following facts and am competent to testify as to their truth if called as a witness.

2. I have a contingent fee agreement with Dr. Golden that covers any settlement obtained in this proceeding.

3. Dr. Golden fully terminated my representation on August 12, 2011.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 16, 2012 in San Rafael, California.

_____
Mitchell J. Green

|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

DONALD GOLDEN, M.D., )
                                       )   No. C-10-00437 JSW
     Plaintiff, )
                                       )   **[PROPOSED] ORDER GRANTING O**
v.                                      )   **INTERVENTION AND ENFORCE**
                                       )   **COURT'S AUGUST 1, 2010 ORDER**
CALIFORNIA EMERGENCY )   **RE SETTLEMENT**
PHYSICIANS MEDICAL GROUP; )
MEDAMERICA; MARK ALDERDICE; )
ROBERT BUSCHO; AND DOES 1 )
THROUGH 100, AND EACH OF THEM, )
INCLUSIVE, )
                                       )
     Defendants. )

Before the court for consideration is the motion by Mitchell J. Green (Intervenor).

The motion to permit intervention of right, or in the alternative, permissive intervention, is GRANTED.

In regard to this court's order of August 1, 2011 regarding settlement of this case, it is hereby ORDERED as follows:

1. Defendants are ordered to deposit the full amount of settlement funds with the court by noon on April 6, 2012.

2. Upon deposit of the settlement funds by defendant, the settlement agreement shall be deemed completed by defendants and the terms of the settlement agreement, including all releases contained therein for the benefit of defendants and all confidentiality provisions, are reaffirmed as valid and effective to the same extent as previously ordered by the court and to the same extent as if the agreement had been signed by Dr. Golden.

3. This order is without prejudice to Intervenor to file such further pleadings as may be necessary in regard to distribution of settlement funds. Nor is this order with prejudice to this court's ability to issue such further orders as it deems necessary to achieve Dr. Golden's compliance with its orders.

IT IS SO ORDERED.

DATE: _____ ____, 2012

U.S. DISTRICT COURT JUDGE

PROOF OF SERVICE

I, Mitchell J. Green, hereby declare:

My business address is 1101 Fifth Ave., Suite 310, San Rafael, CA 94901 in the County of Marin. I am over the age of eighteen years and I am not a party to the foregoing action.

On February 16, 2012 , I served copies of the following document(s):

> **NOTICE OF MOTION AND MOTION TO INTERVENE AND MOTION TO ENFORCE COURT'S AUGUST 1, 2010 ORDER RE SETTLEMENT; MEMORANDUM; DECLARATION OF MITCHELL J. GREEN; [PROPOSED] ORDER**

on the parties listed below, as follows:

✖   (by mail) by depositing a true copy thereof in a sealed envelope with postage fully paid in the United States mail at San Rafael, California, to the address(es) shown below.

✖   (by electronic mail) by transmitting said document(s) to the electronic mail address listed below, which is an address from which I have previously received e mails from and to which I have previously sent e mail to the identified party

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on February 16, 2012 at San Rafael, California.

*/s/ Mitchell J. Green*

_____
Mitchell J. Green

Parties served:

| | |
|---|---|
| Sarah E. Robertson | Donald Golden, M.D. |
| Mark A. Delgado | 907 Keeler Ave. |
| Fitzgerald Abbott & Beardsley | Berkeley, CA 94708 |
| 1221 Broadway, 21st fl. | E mail: fredricky@pol.net |
| Oakland, CA 94612 | |
| E mail: srobertson@fablaw.com | Chambers Copy (via USPS only) |

PROOF OF SERVICE         - 10 -