Mitchell J. Green  (SBN 127718)
Curtis & Green, LLP
1101 Fifth Ave, Suite 310
San Rafael, CA 94901
Tel: 415.456.4600 / Fax: 415.455.0270
Email: mgreen@curtisgreenlaw.com

Attorney *In Pro Per*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GOLDEN, M.D., <br><br> Plaintiff, <br><br> v. <br><br> CALIFORNIA EMERGENCY PHYSICIANS MEDICAL GROUP; MEDAMERICA; MARK ALDERDICE; ROBERT BUSCHO; AND DOES 1 THROUGH 100, AND EACH OF THEM, INCLUSIVE, <br><br> Defendants. | No. C-10-00437 JSW <br><br> **INTERVENOR'S SUPPLEMENTAL REPLY RE: MOTION TO INTERVENE AND MOTION TO ENFORCE COURT'S AUGUST 1, 2010 ORDER RE SETTLEMENT** <br><br> DATE: June 29, 2012 <br> TIME: 9:00 a.m. <br> COURTROOM: 11 (Judge Jeffrey White) |

1. Dr. Golden's opposition is not responsive to the motion that is actually pending. The pending motion seeks to enforce the final and fully litigated August 1, 2011 order of this Court (Docket Entry # 57), heard first before Judge Ryu, then adopted by this Court, then appealed to the Ninth Circuit by Dr. Golden, after which is was returned to this Court for enforcement.  The Court's order noted the thoroughness of Judge Ryu's report and adopted her recommendation, finding no basis to allow Dr. Golden to change his mind and avoid the settlement agreement after agreeing to it.

2. Accordingly, Intervenor's pending motion does not put at issue the *validity* of the settlement; that has already been decided by the August 1, 2011 order. Instead, it asks the Court to *enforce* the order in light of Dr. Golden's continuing refusal to comply with it following his unsuccessful appeal.

3. Nevertheless, Dr. Golden's opposition goes back to re-argue validity. As such, the opposition is in the nature of a untimely, incomplete and unnoticed Rule 60 motion for relief from the August 1, 2011 order.

4. Intervenor is of the *opinion* that a two-party settlement agreement that does not restrict Dr. Golden's rights with third parties and confers continuing rights to employment in excess of those legally required from defendant CEP is not legally defective.

5. However, Intervenor is no more than a former legal counsel. It is not Intervenor's role in this proceeding to advocate his own legal opinion or to take issue with the truthfulness and accuracy of the factual statements proffered by Dr. Golden in his declaration. Intervenor was not adverse to and did not oppose Dr. Golden's prior efforts to avoid the settlement agreement; he did not even participate in those proceedings and has never even seen Dr. Golden's pleadings therein. It was defendants CEP *et al* who were adverse to Dr. Golden and argued in favor of the settlement agreement.

6. The bright line being drawn here is between Dr. Golden's attempt to evade the settlement agreement after agreeing to it, then changing his mind, and the enforcement of a final order issued after Dr. Golden had three chances to argue his position. The former is not at issue in this motion; the later is.

7. Intervenor's interest is triggered by the existence of a final order upholding the settlement. Based on the Court's August 1, 2011 order, that was the status of the case when

1  Intervenor filed his motion.  That remains the status of the case at this time and it will continue to
2  be the status until and unless this Court reverses itself on the August 1, 2011 order.  Unless that
3  happens, Intervenor is entitled to intervene, have the settlement funds deposited with the Court
4  and have the settlement agreement deemed performed as if signed by Dr. Golden.

   8. If the Court believes Dr. Golden has truly made a meritorious case for relief under Rule 60 and is willing to negate all of the prior proceedings, Intervenor will not argue against this. In that case, the Court should deny Intervenor's motion *without prejudice*, allowing it to be reurged at such time as the status of the settlement is fully reconsidered and resolved, whether before this court, Judge Ryu, the Ninth Circuit, or all three.

Dated: June 7, 2012                                    CURTIS & GREEN, LLP

                                                       By:_____
                                                           Mitchell J. Green
                                                           Attorney In Pro Per

PROOF OF SERVICE

I, Mitchell J. Green, hereby declare:

My business address is 1101 Fifth Ave., Suite 310, San Rafael, CA 94901 in the County of Marin. I am over the age of eighteen years and I am not a party to the foregoing action.

On June 7, 2012, I served copies of the following document(s):

**INTERVENOR'S SUPPLEMENTAL REPLY RE: MOTION TO INTERVENE AND MOTION TO ENFORCE COURT'S AUGUST 1, 2010 ORDER RE SETTLEMENT**

on the parties listed below, as follows:

- ✖ (by mail) by depositing a true copy thereof in a sealed envelope with postage fully paid in the United States mail at San Rafael, California, to the address(es) shown below.

- ✖ (by electronic mail) by transmitting said document(s) to the electronic mail address listed below, which is an address from which I have previously received e mails from and to which I have previously sent e mail to the identified party

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on June 7, 2012 at San Rafael, California.

_____
Mitchell J. Green

Parties served:
Robert Salinas (courtesy copy via e mail)        Chambers Copy (via USPS only)

Robert Salinas
428 13th St., 8th fl.
Oakland, CA 94612

Sarah Robertson (courtesy copy via e mail)

PROOF OF SERVICE — - 4 -