**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GOLDEN, M.D., <br><br> Plaintiff, <br><br> v. <br><br> CALIFORNIA EMERGENCY PHYSICIANS MEDICAL GROUP, MEDAMERICA, MARK ALDERDICE, ROBERT BUSCHO, and DOES 1-100, inclusive. <br><br> Defendants. | No. C 10-00437 JSW <br><br> **ORDER GRANTING MOTION TO INTERVENE AND GRANTING MOTION TO ENFORCE SETTLEMENT AGREEMENT** <br><br> **REDACTED VERSION** |

**INTRODUCTION**

This matter comes before the Court upon consideration of the Motion to Intervene and Motion to Enforce Court's August 1, 2010 Order re Settlement, filed by Mitchell J. Green, Esq. ("Green"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the matter suitable for disposition without oral argument. Accordingly, the Court VACATES the hearing scheduled for June 29, 2012, and it HEREBY GRANTS Green's motion to Intervene, GRANTS the motion to enforce the Settlement Agreement, and DISMISSES THIS CASE.

**BACKGROUND**

Plaintiff, Donald Golden, M.D. ("Dr. Golden") brought claims against Defendants for race discrimination. (*See* Docket No. 1, Notice of Removal.) On March 21, 2011, the parties appeared before Magistrate Judge Ryu for a settlement conference, and they continued their

1 discussions the following day.

2 On March 22, 2011, the parties reached the agreement that is the subject of the instant
3 motion, and they placed the terms on the record.[1] (*See* Declaration of Robert Salinas, ¶ 3, Ex. 1
4 (Transcript).) Green represented Dr. Golden during those proceedings.

5 On March 28, 2011, Dr. Golden contacted the court clerk's office to attempt to repudiate
6 the Settlement Agreement. On April 11, 2011, counsel for both parties prepared a joint notice
7 of settlement, however Dr. Golden instructed Green not to file it. Green subsequently moved to
8 withdraw as counsel, and the Court referred the matter to Judge Ryu for purposes of preparing a
9 report and recommendation regarding enforcement of the settlement. (Docket No. 33.)

10 On June 23, 2011, Judge Ryu issued her Report and Recommendation (the "Report"), in
11 which she recommended that: (1) the Court strike certain provisions from the proposed
12 agreement; (2) the Court compel Dr. Golden to sign the agreement; and (3) the Court dismiss
13 the matter as fully resolved. (Docket No. 53, Report at 8:3-6.) On August 1, 2011, this Court
14 adopted the Report. (Docket No. 57.) In that Order, the Court ordered Defendants to prepare
15 the final written Settlement Agreement and serve it on Dr. Golden by no later than August 8,
16 2011. Dr. Golden was required to sign and return the agreement to Defendants by no later than
17 August 15, 2011. By no later than August 22, 2011, the parties were required to file a notice
18 that the case has been settled. Thereafter, the Court would dismiss the matter as fully resolved.

19 Dr. Golden did not comply with the Court's Order. Rather, he filed a notice of appeal,
20 which was dismissed for lack of jurisdiction. (Docket Nos. 58, 64.) After the mandate issued,
21 Green filed the instant motion to intervene and enforce the agreement.

22 **ANALYSIS**

23 Green's motion raises two distinct issues. The first issue is whether the Court should
24 grant his request to intervene. The second issue is whether the Court should grant his request to
25 enforce the settlement.

26

---

28 [1] The terms of the Settlement Agreement are confidential, although the parties have made public reference to the fact of a settlement payment. The Court has redacted those portions of this Order that would reveal the terms of the Settlement Agreement.

2

United States District Court
For the Northern District of California

### A. Request for Intervention.

Green moves to intervene under Federal Rule of Civil Procedure 24(a), intervention of right, and under Rule 24(b), permissive intervention. Defendants have not opposed the request to intervene. (Docket No. 72 at 2:2.) Dr. Golden also has not opposed Green's request to intervene. Green seeks to intervene to protect his contingent fee interest in the settlement payment, which to date, has not been made because Dr. Golden has refused to sign the agreement.

Pursuant to Federal Rule of Civil Procedure 24(a), an applicant seeking to intervene in a pending lawsuit "as of right" must meet four requirements. *See Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). First, the applicant must show he or she "has a significant protectable interest relating to the property or transaction that is the subject matter of the action." *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002). In this case, Green argues that he has a contingent fee interest in the settlement funds. The Court concludes that this is a significant protectable interest. *See Venegas v. Skaggs*, 867 F.2d 527, 528 (9th Cir. 1989), *aff'd sub nom Venegas v. Mitchell*, 495 U.S. 82 (1990) (addressing interest in context of permissive intervention).

Second, the applicant must show the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest. *City of Los Angeles*, 288 F.3d at 397. Golden has refused to sign the Settlement Agreement, which has precluded distribution of the settlement funds. The Court finds Green has established the second prong. Third, the application must be timely. *Id.* Green filed this application soon after the Ninth Circuit issued the mandate dismissing Dr. Golden's appeal of the Court's Order dated August 1, 2010, and after his request to withdraw had been effectively granted. The Court finds Green's application is timely.

Finally, the applicant must show that the existing parties may not adequately represent the applicant's interest. *City of Los Angeles*, 288 F.3d at 397. The Ninth Circuit has stated that "[i]n the case of a former attorney seeking intervention in order to secure rights under a contingent fee agreement, '[n]either of the existing parties is concerned with protecting the

3

1 [attorney's] interest.'" *Venegas*, 867 F.2d at 530 (quoting *Gaines v. Dixie Carriers, Inc.*, 434
2 F.2d 52, 54 (5th Cir.1970) (holding that under such circumstances, former attorney may
3 intervene as of right)). The Court concludes that, although Defendants also seek to enforce the
4 Settlement Agreement, their interest is not co-extensive with Green's interest. Green has
5 established all four requirements for intervention of right.
6     Accordingly, the GRANTS his motion to intervene.

7 **B.     Request for Enforcement.**

8     Green also moves to enforce the Settlement Agreement and asks that Defendants be
9 required to deposit the settlement funds with the Court and to then declare that Defendants have
10 fully performed under the terms of the Settlement Agreement. Defendants do not oppose these
11 requests, but they ask that the Court not require distribution of the funds until Dr. Golden has
12 exhausted any appeal options and the Settlement Agreement has been "finally and fully
13 enforced according to its terms." (Defs. Resp. at 2:5-11.) The Court has the inherent power to
14 enforce the Settlement Agreement, because the case has not been dismissed. *See MetroNet*
15 *Servs. Corp. v. U.S. West Communications*, 329 F.3d 986, 1013-14 (9th Cir. 2003), *cert granted*
16 *and judgment vacated on other grounds by Qwest Corp. v. MetroNet Servs. Corp.*, 540 U.S.
17 1147 (2004). The Court also may enforce an oral agreement set forth in open court, which
18 encompasses the material terms of the agreement, even if one of the parties later has a change of
19 heart. *See Doi v. Halekulani Corp.*, 276 F.3d 1131, 1138 (9th Cir. 2002).
20     The Court evaluates the Settlement Agreement under the principles applicable to any
21 contract. *See Adams v. Johns-Manville*, 876 F.2d 702, 704 (9th Cir. 1989). Dr. Golden does
22 not argue that the terms of the Settlement Agreement, with the modifications made by Judge
23 Ryu in her Report, fail to accurately reflect the parties' agreement. Rather, Dr. Golden argues
24 that the Court should deny the request to enforce the Settlement Agreement and should strike
25 paragraph 7 of the agreement, [REDACTED]
26 [REDACTED]
27 [REDACTED]
28

4

1 ▮
2 ▮
3 ▮
4 ▮
5 ▮
6 ▮
7 ▮
8 ▮
9 ▮
10 ▮
11 ▮
12 ▮
13 ▮

Therefore, the Court reaffirms its previous Order that the Settlement Agreement can - and should - be enforced. Accordingly, the Court GRANTS the motion to enforce the Settlement Agreement.

Within ten (10) days of the date of this Order, Defendants shall deposit the settlement funds in the Court registry. The Court shall not require distribution of the funds until Dr. Golden has exhausted any appeal options, and it shall provide all interested parties with notice and an opportunity to be heard before any such distribution occurs.

Within ten (10) days of the date of this Order, Dr. Golden shall sign the Settlement Agreement.

---

[2] Although this argument is articulated most clearly in the supplemental opposition submitted by Dr. Golden through his new counsel, he has raised this argument previously as a basis for refusal to sign the agreement.

[3] The Court notes that the record clearly establishes that Magistrate Judge Ryu reviewed the provisions of Paragraph 7 with Dr. Golden when the settlement was placed on the record and that she allowed him time to consult with counsel about one portion of this provision. He then stated that he agreed to those terms, albeit reluctantly. (Salinas Decl., Ex. 1 (Transcript at 4:5-6:15, 10:13-11:18).)

5

The Court DISMISSES this action with prejudice on the basis that the Settlement Agreement is binding, legal, and fully enforceable.

**IT IS SO ORDERED.**

Dated: June 15, 2012



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

6