UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GOLDEN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA EMERGENCY PHYSICIANS MEDICAL GROUP, et al.,<br><br>　　　　　Defendants. | Case No. 10-cv-00437-JSW<br><br>**ORDER REQUIRING BRIEFING ON JURY ISSUE AND VACATING EVIDENTIARY HEARING PENDING RULING**<br><br>Re: Docket No. 117 |

On April 8, 2015, the United States Court of Appeals for the Ninth Circuit reversed this Court's Order granting a motion to enforce a settlement agreement between Plaintiff and Defendants. *Golden v. California Emergency Physician's Medical Group*, 782 F.3d 1083 (9th Cir. 2015). In its opinion, the Ninth Circuit stated that "[o]n remand, the district court should determine in the first instance whether the no-employment provision," in the settlement agreement "constitutes a restraint of a substantial character" to Plaintiff's medical practice. *Id.* at 1093.

After the Ninth Circuit issued the mandate, the Court set a status conference, and the parties submitted a status report, in which they requested that the Court conduct an evidentiary hearing on the issue of whether the no-employment provision constituted a restraint of a substantial character on Plaintiff's medical practice. The Court granted the parties request, scheduled an evidentiary hearing for February 8, 2015, and ordered the parties to submit a status report regarding the number of witnesses and estimated length of testimony. (*See* Docket Nos. 105-112.)

The Court has received the parties' status report. (Docket No. 117.) In that report, they advise the Court that there is a dispute about whether a jury is "allowed" for the evidentiary hearing. The Court shall permit simultaneous briefing on this issue. The Court also requests that

1 the parties brief the following question:

2 If the Court concludes that a jury is not required or allowed, can the "restraint of a
3 substantial character" issue be resolved without a live evidentiary hearing, such as on a motion for
4 summary adjudication, with the submission of declarations, deposition testimony, or other
5 evidence?

6 The parties shall submit opening briefs, not to exceed ten (10) pages, setting forth their
7 respective positions by no later than February 3, 2016.

8 The parties shall file responses to the opening briefs on February 10, 2016.

9 There shall be no replies.

10 The Court shall reset the hearing, if necessary, once it has issued its ruling on the parties'
11 briefs.

12 **IT IS SO ORDERED.**

13 Dated: January 27, 2016

_____
JEFFREY S. WHITE
United States District Judge