RICHARD C. RAINES CSB #062460
Gagen, McCoy, McMahon, Koss, Markowitz & Raines
279 Front Street
P.O. Box 218
Danville, CA 94526
Telephone: (925) 837-0585
Facsimile: (925) 838-5985

Attorneys for Plaintiff
DONALD GOLDEN, M.D.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GOLDEN, M.D., | No.: C10-00437 JSW |
| Plaintiff, | **PLAINTIFF'S POINTS AND AUTHORITIES IN SUPPORT OF RIGHT TO JURY TRIAL** |
| vs. | |
| CALIFORNIA EMERGENCY PHYSICIANS MEDICAL GROUP, et al., | |
| Defendants. | |

## I.

## PREFACE

After remand from the Ninth Circuit, this Court set the matter for trial on the sole issue of whether the settlement agreement imposes a substantial restraint on Plaintiff's ability to practice medicine. The parties raised the issue of whether this factual dispute should be submitted to a jury and this Court ordered simultaneous briefs

## II.

## RIGHT TO JURY TRIAL GENERALLY

The right to trial in Federal Courts in cases like this is governed in the first instance by FRCP 81 and specifically, Rule 81(c)(3) relating to actions which, like this case, have been removed from state court. Rue 81(c)(3) provides that

> "a party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal. If the state law did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time."

California state law provides that "the right to trial by jury as declared by Section 16 of Article I of the California Constitution shall be preserved to the parties inviolate." California Code of Civil Procedure section 631. Plaintiff demanded a jury trial in his Case Management Conference Statement filed on or about January 14, 2009 (see attached, paragraph 5).

The Petition for Removal was filed on February 1, 2010.

Thus, Plaintiff was entitled to a jury trial under California State law on two bases:

1. He had complied with state law in order to have his case set for jury trial on April 28, 2009[1]; and

2. He was not required to demand a jury trial under state law and thus, "need not make one [demand for jury trial] after removal...." FRCP 81(c)(3).

## III.

## RIGHT TO JURY TRIAL ON LIMITED ISSUE POSED BY REMAND

Arguably, the right to jury trial on the underlying wrongful termination case does not necessarily require a jury trial on the limited issue now before the Court. However, in *Millner v. Norfolk & Western Railway Company* (4th Cir.; 1981) 643 F.2d 1005, the Fourth Circuit[2] ruled that a plaintiff is entitled to a jury trial on the underlying case is also entitled to a jury trial on the issue of the enforceability of a settlement agreement:

> Millner had made timely demand for jury trial in his complaint, making no specifications of the issues to which his demand ran. Under these circumstances, he is deemed to

---

1 According the Register of Actions, on April 28, 2009, the case was given a January 15, 2010 date for jury trial.

2 No Ninth Circuit authority on this question could be found.

- 2 -

have demanded trial by jury for all the issues so triable...Millner's demand must therefore be treated as running to all issues, <u>including the issue of enforcement of the settlement agreement</u>. *Ibid.*, at 1010. (Emphasis added).

The Fourth Circuit held that "Millner had a right to a jury trial" on the settlement issue, particularly in light of the importance of trial by jury in the context of the substantive issues underlying the dispute, namely, a plaintiff seeking damages in an FELA.

Similarly, Dr. Golden demanded a jury trial in state court and is not required to re-demand one after removal. FRCP 81(c)(3). Procedurally, he is in the same situation as Millner was, having demanded a jury trial and facing an evidentiary factual hearing on the enforceability of a prior settlement agreement.

As to the importance of Dr. Golden's right to jury trial, suffice to say it is part of the California Constitution, and codified in Code of Civil Procedure section 631 "to be held <u>inviolate</u>." It is beyond dispute that plaintiffs raising claims under the California Fair Employment and Housing Act (FEHA) have a right to jury trial. *Asare v. Hartford Fire Insurance Company*(1992) 1 Cal.App.4th 856, 866-868.

Given that Federal District Courts are limited to (1) cases arising under the laws of the United States or (2) cases involving diversity of citizenship, it is not uncommon that no <u>statutory</u> right to jury trial exists. Under California State procedure, the California Constitution and section 631 guarantee the right to any party who pays the jury fee. Accordingly, it is of no particular significance that FEHA does not contain <u>within its own portion of the California Government Code</u> a section granting a right to jury trial. That right exists in favor of all litigants in FEHA cases without the necessity of a specific subsection of FEHA on that subject.

Finally, in *McCarthy v. Superior Court* (1946) 73 Cal.App.2d 943, plaintiff sued for breach of contract damages. Real Party in Interest (RPI) defended on the grounds that the contracts sued upon were illegal. The trial court set the matter for jury trial, with the jury first to consider the special defense of illegality, and then to try the case on

- 3 -
PLAINTIFF'S POINTS AND AUTHORITIES IN SUPPORT OF RIGHT TO JURY TRIAL
F:\CLRCR\51999\USDC Pleadings\MPA-right-to-jury-trial.docx

Law Offices of
GAGEN,
McCOY,
McMAHON,
KOSS,
MARKOWITZ
& RAINES
A Professional
Corporation
279 Front Street
P.O. Box 218
Danville, CA
94526
(925) 837-0585

damages if it found the contract enforceable. RPI sought a writ of prohibition to require the trial court to decide the issue of illegality as a matter of law, <u>without submission to a jury</u>.

The Court of Appeal <u>denied</u> a peremptory writ, noting that the trial court has the full circumstances of the case and if it is determined the illegality can be determined as a matter of law, no jury trial is required; but if the illegality of the contract can only be determined after the settlement of certain disputed facts, the case should be submitted to a jury for determination of the factual issues. *Ibid.,* 945-946.

Dr. Golden submits that the limited issue before the Court on remand is a question of fact: Whether paragraph 7 imposes a substantial burden on Dr. Golden's ability to practice medicine? Under the circumstances, this <u>disputed factual question</u> must be answered by a jury trial.

## IV.

## THE EVIDENTIARY HEARING MUST BE LIVE

In the Joint Status Report (Docket 117), Plaintiff identified his intended witnesses, but Defendants did not. Accordingly, Plaintiff has no idea what witnesses will be presented by Defendants or what evidence will be offered. The only way for Plaintiff to test the probative value of Defendants' proffered evidence is by cross-examination in open court. Submission on brief and declarations would be fundamentally unfair to Plaintiff for these reasons.

Accordingly, fundamental principles of due process appear to call for live presentation of evidence.

Dated: February 3, 2016

Gagen, McCoy, McMahon, Koss, Markowitz & Raines
A Professional Corporation

By: <u>RICHARD C. RAINES</u>
Attorney for Plaintiff Donald Golden, MD

- 4 -
PLAINTIFF'S POINTS AND AUTHORITIES IN SUPPORT OF RIGHT TO JURY TRIAL
F:\CLRCR\51999\USDC Pleadings\MPA-right-to-jury-trial.docx

| | | CM-110 |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Mitchell J. Green, Esq. (SBN 127718)<br>CURTIS & GREEN, LLP<br>1101 Fifth Ave., Suite 310; San Rafael, CA 94901<br>TELEPHONE NO.: 415 456-4600   FAX NO. *(Optional)*: 414 455-0270<br>E-MAIL ADDRESS *(Optional)*: mgreen@curtisgreenlaw.com<br>ATTORNEY FOR *(Name)*: | | FOR COURT USE ONLY |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda<br>STREET ADDRESS: 1225 Fallon Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Oakland, CA 94612<br>BRANCH NAME: Unlimited Jurisdiction | | |
| PLAINTIFF/PETITIONER: Donald Golden, M.D.<br>DEFENDANT/RESPONDENT: California Emergency Physicians Group, et al. | | |
| **CASE MANAGEMENT STATEMENT**<br>(Check one):  ☑ **UNLIMITED CASE**       ☐ **LIMITED CASE**<br>                  (Amount demanded              (Amount demanded is $25,000<br>                  exceeds $25,000)                 or less) | | CASE NUMBER:<br>RG 08388602 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: January 29, 2009   Time: 9:00 a.m.   Dept.: 19   Div.:   Room:

Address of court *(if different from the address above)*: Administration Building, 1221 Oak St., 3rd fl., Oakland, CA

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☑ This statement is submitted by party *(name)*: plaintiff Donald Golden
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*: 5/21/08
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☑ The following parties named in the complaint or cross-complaint
      (1) ☑ have not been served *(specify names and explain why not)*:
          MedAmerica
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☑ complaint   ☐ cross-complaint   *(describe, including causes of action)*:
   Employment discrimination; public policy tort; Unruh Civil Rights Act (UCRA) (Civ. Code sec. 51); Breach of Fiduciary Duty; Breach of the Covenant of Good Faith and Fair Dealing

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. January 1, 2005] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rule 212<br><br>American LegalNet, Inc.<br>www.USCourtForms.com |
|---|---|---|

| PLAINTIFF/PETITIONER: Donald Golden, M.D. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: California Emergency Physicians Group, et al. | RG 08388602 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff was a partner in California Emergency Physicians (CEP). He was removed from his position at Seton Coastside for sham and pretextual reasons. He filed an internal grievance claiming discrimination and was retaliated against by being removed from his positon at another CEP facility. Although a partner in name, plaintiff asserts claims under FEHA under the functional analysis test used in Clackamas Gastroenterology Associates, P. C. v. Wells 538 U.S. 440, 123 S.Ct. 1673 (2003) and Strother v. Southern California Permanente Medical Group (9th Cir.1996) 79 F.3d 859, alleging URCA claims in the alternative.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☑ a jury trial ☐ a nonjury trial *(if more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
   a. ☑ days *(specify number):* 10
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☑ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. Fax number:
   f. E-mail address:
   g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
    a. Counsel ☑ has ☐ has not provided the ADR information package identified in rule 201.9 to the client and has reviewed ADR options with the client.
    b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
    c. ☐ The case has gone to an ADR process *(indicate status):*

CM-110 [Rev. January 1, 2005]     **CASE MANAGEMENT STATEMENT**     Page 2 of 4
American LegalNet, Inc.
www.USCourtForms.com

| PLAINTIFF/PETITIONER: Donald Golden, M.D. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: California Emergency Physicians Group, et al. | RG 08388602 |

10. d. The party or parties are willing to participate in *(check all that apply):*
   (1) [✓] Mediation
   (2) [ ] Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 1612)
   (3) [ ] Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 1612)
   (4) [ ] Binding judicial arbitration
   (5) [ ] Binding private arbitration
   (6) [✓] Neutral case evaluation
   (7) [ ] Other *(specify):*

   e. [ ] This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
   f. [ ] Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
   g. [ ] This case is exempt from judicial arbitration under rule 1601(b) of the California Rules of Court *(specify exemption):*
      seeks primarily declaratory relief

11. **Settlement conference**
   [✓] The party or parties are willing to participate in an early settlement conference *(specify when):*

12. **Insurance**
   a. [ ] Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: [ ] Yes [ ] No
   c. [ ] Coverage issues will significantly affect resolution of this case *(explain):*

13. **Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
   [ ] Bankruptcy   [ ] Other *(specify):*
   Status:

14. **Related cases, consolidation, and coordination**
   a. [ ] There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      [ ] Additional cases are described in Attachment 14a.
   b. [ ] A motion to [ ] consolidate [ ] coordinate will be filed by *(name party):*

15. **Bifurcation**
   [ ] The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

16. **Other motions**
   [ ] The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

| PLAINTIFF/PETITIONER: Donald Golden, M.D. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: California Emergency Physicians Group, et al. | RG 08388602 |

17. **Discovery**
    a. ☐ The party or parties have completed all discovery.
    b. ☑ The following discovery will be completed by the date specified (describe all anticipated discovery):

| Party | Description | Date |
|---|---|---|
| Plaintiff | written discovery | 2/1/09 |
| Plaintiff | depose defendants | 3/1/09 |
| Plaintif | depose non-party witnesses | 4/1/09 |

   c. ☑ The following discovery issues are anticipated (specify):
   Discovery has been delayed due to defendants' technical difficulties in producing e mails and conflicting demands of a trial setting. Plaintiff has been able to take 2 non-party depositions.

18. **Economic Litigation**
    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):

19. **Other issues**
    ☑ The party or parties request that the following additional matters be considered or determined at the case management conference (specify):
    P

20. **Meet and confer**
    a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 212 of the California Rules of Court (if not, explain):

    b. After meeting and conferring as required by rule 212 of the California Rules of Court, the parties agree on the following (specify): because of discovery delays, case should be reset for CMC in 90-120 days.

21. **Case management orders**
    Previous case management orders in this case are (check one): ☐ none ☐ attached as Attachment 21.

22. Total number of pages attached (if any): _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 1/14/09

Mitchell J. Green, Esq. (SBN 127718)
(TYPE OR PRINT NAME)                                     (SIGNATURE OF PARTY OR ATTORNEY)


(TYPE OR PRINT NAME)                                     (SIGNATURE OF PARTY OR ATTORNEY)
                                                    ☑ Additional signatures are attached

# PROOF OF SERVICE

I, Mitchell J. Green, hereby declare:

My business address is 1101 Fifth Ave., Suite 310, San Rafael, CA 94901 in the County of Marin. I am over the age of eighteen years and I am not a party to the foregoing action.

On January 20, 2009, I served copies of the following document(s):

CASE MANAGEMENT CONFERENCE STATEMENT

on the parties listed below, as follows:

**X** (by mail) by depositing a true copy thereof in a sealed envelope with postage fully paid in the United States mail at San Rafael, California, to the address(es) shown below.

___ (by personal delivery) by having a messenger personally deliver a true copy thereof to the person(s) listed below, at the address(es) set forth below.

___ (by Federal Express) by depositing a true copy thereof in a sealed packet for overnight delivery, with charges thereon fully prepaid, in a Federal Express collection box, at San Rafael, California, and addressed as set forth below.

___ (by facsimile transmission) by transmitting said document(s) from our office machine, (415.455-0270) to facsimile machine number(s) shown below. Following transmission, I received a "Transmission Report" from our fax machine indicating that the document(s) had been transmitted without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on January 20, 2009 at San Rafael, California.

*[signature]*

_____
Mitchell J. Green

Parties served:
Sarah E. Robertson
Mark A. Delgado
Fitzgerald Abbott & Beardsley
1221 Broadway, 21st fl.
Oakland, CA 94612

Law Offices of
GAGEN,
McCOY,
McMAHON,
KOSS,
MARKOWITZ
& RAINES
A Professional
Corporation
279 Front Street
P.O. Box 218
Danville, CA
94526
(925) 837-0585

# CERTIFICATE OF SERVICE
## C10-00437-ISW

I, the undersigned, declare that I am a citizen of the United States, a resident of the State of California, and am employed in the County of Contra Costa, State of California. I am over eighteen (18) years of age and not a party to the above-entitled action. My business address is 279 Front Street, Danville, California. On February 3, 2016, I served the following documents:

**PLAINITFF'S POINTS AND AUTHORITIES IN SUPPORT OF RIGHT TO JURY TRIAL**

**U.S. Mail:** I enclosed the documents in a sealed envelope or package addressed to the persons listed below and placed the envelope for collection and mailing following our ordinary business practices. On that same day, the envelope is deposited in the ordinary course of business with the U.S. Postal Service, at Danville, California, in the sealed envelope with postage fully prepaid.

**By E-mail or Electronic Transmission:**

**Facsimile Transmission:** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below from the machine at (925) 838-5985 on the date and time recorded on the attached copy of the fax transmission report, which I printed out. No error was reported by the fax machine that I used. Cal. Rules of Court, rule 2.306(h).

X    **Overnight Delivery:** I enclosed the documents for service in an envelope or package provided by an overnight delivery carrier and addressed to the persons listed below. I placed the envelope or package for collection and overnight delivery at a regularly utilized drop box of the overnight delivery carrier.

Sarah E. Robertson, Esq.
Mark A. Delgado, Esq.
Donahue Fitzgerald LLP
1999 Harrison St., 25th Fl
Oakland, CA 94612
Tel: (510) 451-3300
Fax:   "   451-1527
srobertson@donahue.com
mdelgado@donahue.com
**Attorneys for Defendants**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on February 3, 2016, at Danville, California.

Patricia A. Harris