UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GOLDEN,<br><br>            Plaintiff,<br><br>    v.<br><br>CALIFORNIA EMERGENCY PHYSICIANS MEDICAL GROUP, et al.,<br><br>            Defendants. | Case No. 10-cv-00437-JSW<br><br>**ORDER REGARDING EVIDENTIARY HEARING AND DEMAND FOR JURY** |

Now before the Court for consideration are the parties' simultaneous briefs on whether a jury is required and the manner in which the Court should resolve the dispute over whether the no-employment provision," in the settlement agreement "constitutes a restraint of a substantial character" to Plaintiff's medical practice. *See Golden v. California Emergency Physician's Medical Group*, 782 F.3d 1083, 1093 (9th Cir. 2015) (reversing order granting motion to enforce settlement agreement and remanding, directing that court may "order additional briefing or to conduct further-fact finding as it deems prudent"). The Court has received and considered the parties' supplemental briefs, and it sets forth its rulings in the remainder of this Order.

**A.  The Court Denies the Request for a Jury to Resolve the Motion.**

The Court concludes a jury is not required to resolve the issue of whether the no-employment provision," in the settlement agreement "constitutes a restraint of a substantial character" to Plaintiff's medical practice. The Court begins with the Ninth Circuit's opinion in this matter, which remanded the case to this Court for *additional briefing or fact finding*. 782 F.3d at 1093.

It also is well established in the Ninth Circuit that a motion to enforce a settlement agreement "essentially is an action to specifically enforce a contract." *Adams v. Johns-Manville*

1  *Corp.*, 876 F.2d 702, 709 (9th Cir. 1989).  In addition, "a district court has the equitable power to
2  summarily enforce an agreement to settle a case pending before it."  *Callie v. Near*, 829 F.2d 888,
3  890 (9th Cir. 1987).

4  In support of his argument that a jury trial is required, Plaintiff states that he has demanded
5  a jury trial since the inception of the case.  The Court does not find that fact dispositive.  Plaintiff
6  also relies on *Millner v. Norfolk & Western Railway Co.*, 643 F.2d 1005 (4th Cir. 1981).  In
7  *Millner*, the defendant raised a prior settlement agreement as an affirmative defense to the
8  plaintiff's claims under the Federal Employer's Liability Act ("FELA").  The trial court conducted
9  an evidentiary hearing, and it resolved the matter following that hearing.  The Fourth Circuit
10 reversed and held that, because the plaintiff had demanded a jury trial, the demand encompassed
11 all issues, including enforcement of the settlement agreement.  *Id.* at 1010.  This case is in a
12 different procedural posture that *Millner*, because Defendants did not assert a prior settlement as
13 an affirmative defense to Plaintiff's underlying claims.  The Court therefore finds *Millner*
14 inapposite.  *Cf. Brown v. San Diego State University Foundation*, No. 3:13-cv-2294-GPC-NLS,
15 2015 WL 454857, at *2-*3 (S.D. Cal. July 28, 2015) (denying motion for bench trial, where
16 defendant's asserted settlement agreement as an affirmative defense to plaintiff's claims and that
17 settlement did not involve case pending before the court at time it was reached); *see also Adams*,
18 876 F.2d at 710 n.6 (distinguishing *Millner* on the basis that FELA provides for "an expansive
19 right to a jury trial").

20 Accordingly, the Court DENIES Plaintiff's request for a jury to resolve the issue of
21 whether the settlement agreement can be enforced.

22 **B.     The Procedures to Be Followed.**

23 The Court asked the parties to brief the issue of whether the Court could resolve this matter
24 on papers and without an evidentiary hearing.  If "material facts concerning the existence or terms
25 of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing."
26 *Adams*, 876 F.2d at 708; *Callie*, 829 F.2d at 890.  At this stage, the Court cannot determine if there
27 are material facts in dispute about whether the no-employment provision constitutes a restraint of a
28 substantial character to Plaintiff's medical practice.  Therefore, the Court will schedule a

2

placeholder date for an evidentiary hearing on Monday, April 25, 2016 at 8:00 a.m. \

The Court also ORDERS the parties to submit supplemental briefs on this limited issue, as well as the evidence they expect to present at an evidentiary hearing. The Court also orders that, if the Court concludes an evidentiary hearing is required, the parties shall present direct testimony by way of declarations. Therefore, the parties shall submit those declarations with the briefs and evidence required by this Order. If, after reviewing those materials, the Court determines there are no material facts in dispute, it will vacate the evidentiary hearing. If, however, the Court concludes an evidentiary hearing is required, the Court will hear live testimony for cross-examination and re-direct. *See, e.g., Adair v. Sunwest Bank*, 965 F.2d 777, 779 (9th Cir. 1992); *Calcor Space Facility, Inc. v. McDonnell Douglas Corp.*, 5 Fed. Appx. 787, 789 (9th Cir. 2001); Fed. R. Civ. P. 43(a); Fed. R. Evid. 611.

Because Defendants are the moving parties, they shall submit their opening briefs and evidence by March 8, 2016. Plaintiff shall file his opposition brief and opposing evidence by March 22, 2016. Defendants may file their reply brief by March 29, 2016. Absent extraordinary cause, the Court shall not permit Defendants to submit additional evidence on reply. The parties shall follow the local rules and shall include any evidentiary objections to the opposing party's evidence in their briefs. Defendants' opening brief and Plaintiff's opposition shall not exceed twenty (20) pages, and Defendant's reply shall not exceed 12 pages.

When the Court has received the reply briefs, it shall review the parties' materials and will advise the parties as to whether it will hold the evidentiary hearing or whether it will resolve the matters based on the papers.

**IT IS SO ORDERED.**

Dated: February 16, 2016

_____
JEFFREY S. WHITE
United States District Judge