1  Matthew Borden, Esq. (SBN: 214323)
   borden@braunhagey.com
2  J. Noah Hagey, Esq. (SBN: 262331)
   hagey@braunhagey.com
3  Eva Schueller, Esq. (SBN: 237886)
   schueller@braunhagey.com
4  BRAUNHAGEY & BORDEN LLP
   220 Sansome Street, Second Floor
5  San Francisco, CA 94104
   Telephone:  (415) 599-0210
6  Facsimile:  (415) 276-1808

7  ATTORNEYS FOR PLAINTIFF
   DONALD GOLDEN, M.D.
8

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GOLDEN, M.D.,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA EMERGENCY PHYSICIANS MEDICAL GROUP, et al.,,<br><br>Defendants. | Case No. 10-cv-00437-JSW<br><br>**NOTICE OF MOTION AND MOTION TO CLARIFY OR IN THE ALTERNATIVE STAY ORDER ENFORCING SETTLMENT AGREEMENT**<br><br>Date:  March 03, 2017<br>Time: 9:00 AM<br>Dept: Civil Law and Motion |

**PLEASE TAKE NOTICE** that on March 3, 2017 at 9:00 AM in the U.S. District Court for the Northern District of California, Civil Law and Motion Department, Plaintiff Donald Golden, M.D. will and hereby does move this Court to clarify or in the alternative stay its Order Enforcing Settlement Agreement. (Dkt. No. 159)

This Motion is based on the accompanying Memorandum of Points and Authorities, all papers and pleadings on file in this action, and arguments made at any hearing held regarding this Motion.

Dated: December 27, 2016                    BRAUNHAGEY & BORDEN LLP

                                            By:  /s/ *Matthew Borden*
                                                     Matthew Borden

                                            Attorneys for Plaintiff Donald Golden, M.D.

Matthew Borden, Esq. (SBN: 214323)
    borden@braunhagey.com
J. Noah Hagey, Esq. (SBN: 262331)
    hagey@braunhagey.com
Eva Schueller, Esq. (SBN: 237886)
    schueller@braunhagey.com
BRAUNHAGEY & BORDEN LLP
220 Sansome Street, Second Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 276-1808

ATTORNEYS FOR PLAINTIFF
DONALD GOLDEN, M.D.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GOLDEN, M.D.,<br><br>    Plaintiffs,<br><br>v.<br><br>CALIFORNIA EMERGENCY PHYSICIANS MEDICAL GROUP, et al.,,<br><br>    Defendants. | Case No. 10-cv-00437-JSW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CLARIFY OR IN THE ALTERNATIVE STAY ORDER ENFORCING SETTLMENT AGREEMENT**<br><br>Date: March 03, 2017<br>Time: 9:00 AM<br>Dept: Civil Law and Motion |

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................ I

INTRODUCTION ............................................................................................................... 1

BACKGROUND .................................................................................................................. 1

ARGUMENT ....................................................................................................................... 2

I.    THE COURT SHOULD CLARIFY THAT THE ORDER IS STAYED PENDING APPEAL ................................................................................................................. 2

II.    THE ORDER SHOULD BE STAYED PENDING APPEAL .......................................... 3

    A.    Dr. Golden's Appeal Raises Substantial Legal Question on the Merits ................. 3

    B.    Dr. Golden Will Suffer Irreparable Injury Absent a Stay ....................................... 6

    C.    The Balance of the Equities Militates in Favor of a Stay ....................................... 8

    D.    A Stay Is in the Public Interest .............................................................................. 8

    E.    If No Stay Pending Appeal Is Granted, the Order Should Be Stayed Pending Dr. Golden Seeking a Stay from the Ninth Circuit ................................................. 9

CONCLUSION ..................................................................................................................... 9

Plaintiff Donald Golden, M.D. respectfully submits this memorandum in support of his motion for clarification and/or a stay of the Court's Order Granting Motion to Enforce Settlement Agreement (Dkt. No. 159).

## INTRODUCTION

Plaintiff Donald Golden, M.D. respectfully asks that the Court either: (1) clarify that the Order Granting Motion to Enforce Settlement Agreement (Dkt. No. 159) ("Order") is stayed in its entirety pending appeal or (2) stay the Order pending appeal for the reasons given below.

The Order requires Dr. Golden to sign a settlement agreement by no later than December 28, 2016. (Order at 9.) Dr. Golden has appealed from the Order. His appeal presents at least a serious legal question, and failure to stay the Order will cause him irreparable injury and essentially deprive him of his right to appeal. Under such circumstances, a stay should be granted to protect Dr. Golden's rights to appeal and to pursue his career pending a final determination on the merits of his claim. In contrast, preserving the *status quo ante* that has existed for many years will not harm any of the parties and will protect the strong public interest in employee mobility and the practice of medicine.

## BACKGROUND

In May 2008, Dr. Golden filed this action in Alameda Superior Court, asserting claims for racial discrimination. On January 29, 2010, Defendants removed the action herein.

On June 23, 2011, United States Magistrate Judge Donna Ryu issued a Report and Recommendation that a settlement agreement be enforced over Dr. Golden's objections. On August 1, 2011, the Court adopted Judge Ryu's Report and Recommendation.

On June 15, 2012, the Court issued an order enforcing the settlement. On June 28, 2012, Dr. Golden filed a notice of appeal. The Court's order enforcing the settlement has similar language to the Order, but none of the parties sought to enforce it pending appeal.[1]

On April 8, 2015, the Ninth Circuit issued its opinion in *Golden v. California Emergency Physicians Medical Group*, 782 F.3d 1083 (9th Cir. 2015). The Ninth Circuit's opinion reversed

---

[1] The undersigned counsel was recently retained and has not had a chance to review the lengthy record, portions of which are under seal and not yet in counsel's possession.

the order enforcing the settlement, and remanded the action for this Court to decide whether the no-rehire clause in the settlement agreement constituted "a restraint of a substantial character."

On November 28, 2016, the Court issued the Order. The Order requires Dr. Golden to execute the settlement agreement by no later than December 28, 2016. (Order at 9.) It further requires Defendants to deposit the settlement funds with the Court and that such funds will not be distributed "until Dr. Golden has exhausted any appeal options." (*Id.*) The Order, however, does not expressly state that it is stayed pending Dr. Golden's pursuit of his appellate rights.

Dr. Golden intends to file a timely notice of appeal on or before December 28, 2016.

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 62(c), a district court retains jurisdiction to clarify or stay its own order to preserve the *status quo* pending appeal. *Mayweathers v. Newland*, 258 F3d 930, 935 (9th Cir. 2001) (quoting *Natural Res. Defense Council Inc. v. Southwest Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001)) ("'The district court retains jurisdiction during the pendency of an appeal to act to preserve the *status quo*.'"); *see also Bordallo v. Reyes*, 763 F.2d 1098, 1102 (9th Cir. 1985) (motion for clarification or in the alternative for a stay does not destroy pending notice of appeal).

**I. THE COURT SHOULD CLARIFY THAT THE ORDER IS STAYED PENDING APPEAL**

The Order contemplates that Dr. Golden may appeal and provides that any disbursement of funds is stayed pending appeal. (Order at 9.) The Order is silent, however, as to whether Dr. Golden must sign the settlement pending appeal. It does not appear that the Order was intended to create a situation where the settlement would be partially enforced pending appeal – i.e., where Defendants would be free to enforce Paragraph 7, while Dr. Golden would not receive any of the consideration due to him under the settlement. The language used by the Court appears similar to the language it used in its previous order enforcing the settlement (Dkt. No. 92), which apparently was stayed, or at least treated by the parties as stayed, pending the Ninth Circuit's ruling. For the sake of clarity and to preserve his rights pending appeal, Dr. Golden respectfully asks that the Court clarify that the Order is stayed in its entirety pending appeal.

## II. THE ORDER SHOULD BE STAYED PENDING APPEAL

In the event that the Court did not intend to stay its Order, Dr. Golden respectfully moves the Court for a stay. The standard applicable to a motion for a stay pending appeal is similar to the standard for a motion for a preliminary injunction. *Natural Res. Def. Council, Inc. v. Winter*, 502 F.3d 859, 862-63 (9th Cir.2007) (citing *Hilton v. Braunskill*, 481 U.S. 770 (1987)).

The moving party must show either: (1) "a probability of success on the merits and the possibility of irreparable injury;" or (2) "that serious legal questions are raised and the balance of hardships tips sharply in petitioner's favor." *Abbassi v. INS*, 143 F.3d 513, 514 (9th Cir. 1998) (citing *Artukovic v. Rison*, 784 F.2d 1354, 1355 (9th Cir. 1986) and *Arthurs v. INS*, 959 F.2d 142, 143-44 (9th Cir. 1992)). "[T]hese two alternatives represent 'extremes of a single continuum,' rather than two separate tests." *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1119 (9th Cir. 1999) (quoting *Benda v. Grand Lodge of Int'l Ass'n of Machinists & Aerospace Workers*, 584 F.2d 308, 315 (9th Cir. 1978)). "[T]he greater the relative hardship to the moving party, the less probability of success must be shown." *Id.* (quoting *Nat'l Ctr. for Immigrants Rights v. INS*, 743 F.2d 1365, 1369 (9th Cir. 1984)). Additionally, the Court "strongly" considers public policy in deciding whether to grant a stay. *Artukovic v. Rison*, 784 F.2d at 1355; *Warm Springs Dam Task Force v. Gribble*, 565 F.2d 549, 551 (9th Cir. 1977) (per curiam).

Each of the relevant factors supports a stay in this case.

### A. Dr. Golden's Appeal Raises Substantial Legal Question on the Merits

There is at least a serious question as to whether the restraint in Paragraph 7 of the settlement agreement constitutes "a restraint of a substantial character" and is thus invalid under *Golden*, 782 F.3d at 1092-93. "Serious questions are substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberative investigation." *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 422 (9th Cir. 1991) (quoting *Republic of Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988) (en banc)).

The Ninth Circuit did not define the term "restraint of substantial character." However, it expressly noted that § 16600 does not have any exceptions, and even "reasonable" restraints violate its broad prohibition. *Golden*, 782 F.3d at 1091 ("Notably, *Edwards* rejected a proposed rule—

apparently suggested by earlier California cases and extended by the Ninth Circuit—'that a mere limitation on an employee's ability to practice his or her vocation would be permissible under section 16600, as long as it was reasonably based.'"). Moreover, the provision here is so sweeping and intrusive on Dr. Golden's ability to work that it should meet almost any legal definition of "restraint of substantial character."

For example, it is undisputed that if Paragraph 7 were executed, Dr. Golden would be fired from all his current jobs. (Dkt. No. 136 ¶ 18 ("If I am forced to sign the settlement as written, CEP can and would fire me from all of my present jobs because CEP has a contract and gets paid by the same people who pay me. CEP has contracts with Dignity, AHS, Kindred, Sutter, and had a contract with Comphealth. I also have a contract with these organizations and CEP 'can and will fire me' leaving me without any jobs immediately.").) Moreover, it would impose a restraint of substantial character because:

- It would inhibit Dr. Golden from pursuing his chosen profession;
- It has no limit in terms of time;
- It has no limit in terms of geography;
- It has no limit in terms of the type of services provided by California Emergency Physicians America (it even includes telemedicine and internet medicine);
- It exceeds any legitimate business purpose because it would prevent Dr. Golden from working for facilities that merely contract with California Emergency Physicians America, and there is no other business justification (*e.g.*, protection of trade secrets) – especially given that Dr. Golden has not worked for California Emergency Physicians America for more than eight years;
- It would eliminate any job security for Dr. Golden because if, at any time, California Emergency Physicians America contracted with a facility where he worked, he would be fired;
- It would impact the rights of non-parties to hire Dr. Golden;
- It would interfere with free-market competition.

Even courts that allow enforcement of non-compete agreements will only enforce them if they are sufficiently narrow. *E.g.*, *Oak Orchard Community Health Ctr. v. Blasco*, 8 Misc.3d 927, 930 (2005) ("An employee agreement not to compete will be enforced only if 'it is reasonable in time and area, necessary to protect the employer's legitimate interests, not harmful to the general public and not unreasonably burdensome to the employee.'") (quotations omitted); *Eastman Kodak Co. v. Carmosino*, 77 A.D.3d 1434, 1435 (2010) (same); Restatement (Second) of Contracts § 188.

For this reason, even courts that permit non-competes have rejected as unlawful provisions much narrower than Paragraph 7. *E.g.*, *Natural Organics, Inc. v. Kirkendall*, 52 A.D.3d 488, 489-90 (2008) (non-compete unenforceable because it "does not serve to protect a legitimate employer interest"); *Hosp. Consultants, Inc. v. Potyka*, 531 S.W.2d 657, 663 (Tex. App. 1975) (covenants prohibiting emergency room physicians from working within 50 miles of former employer for a period of three years is unreasonable "since they impose on plaintiffs a restraint more onerous than is reasonably required for the protection of the business and goodwill of defendants. To prevent plaintiffs from being employed by Emergency Room Affiliates endangers no protectible interests of defendants, and the sole purpose of the restriction, if so interpreted, would be to prevent Emergency Room Affiliates, or other similar groups, from competing with defendants."); *Duneland Emergency Physician's Med. Group, P.C. v. Brunk*, 723 N.E.2d 963 (Ind. App. 2000) (non-compete that prevented doctor from providing emergency medicine care in two counties for period of two years unenforceable); *Lessner Dental Labs., Inc. v. Kidney*, 16 Ariz. App. 159, 162 (1971) (provision that prevented dental technician from competing for two years in area of certain county was invalid because "The restrictions are clearly beyond that necessary to protect the employer even if there were 'trade secrets' to be protected. It is unreasonable to the employee who would be prevented from using her skill and general knowledge in this occupation for a period of two years in the area of Pima County. Such a restriction we find clearly in contravention of public policy."); *Comedy Club, Inc. v. Improv W. Assoc.*, 553 F.3d 1277 1287-88 (9th Cir. 2009) (non-compete that affects non-parties to the agreement invalid under § 16600).

5
10-cv-00437-JSW
MEMORANDUM IN SUPPORT OF MOTION FOR CLARIFICATION AND/OR STAY

In cases where restrictive covenants have been upheld, they are limited to specific activities, over a constrained time period, in a circumscribed area. No such limitations exist in Paragraph 7.[2]

For each of these reasons, Dr. Golden's appeal at least raises substantial legal questions. He should be allowed to have these questions addressed by the Court of Appeals. If he is forced to sign the settlement, however, he will be effectively deprived of his ability to do so.

### B. Dr. Golden Will Suffer Irreparable Injury Absent a Stay

A stay is appropriate where, as here, the status quo would otherwise be irreparably altered. *E.g.*, *Providence Journal Co. v. F.B.I.,* 595 F.2d 889, 890 (1st Cir. 1979) ("Where … the denial of a stay will utterly destroy the status quo, irreparably harming appellants, but the granting of a stay will cause relatively slight harm to appellee, appellants need not show an absolute probability of success in order to be entitled to a stay.") (citing *Wash. Metro. Area Transit Comm'n v. Holiday Tours*, 559 F.2d 841, 890 (D.C. Cir. 1977)).

Absent a stay, Dr. Golden will suffer irreparable harm because he will be fired from all his current jobs, precluded from freely pursuing his profession and may not be able to work at all. (Dkt. No. 136 ¶¶ 18-19.) This may force Dr. Golden and his family to move to another state. (*Id.* ¶ 18-21.) It would affect Dr. Golden's financial ability to retain counsel to pursue his appeal. (*Id.* ¶ 19.) It would permanently harm his ability to ever work at places he was fired from, even if he ultimately succeeded in proving they had no right to discharge him. (*Id.* ¶ 18-19.) Restraints of this nature qualify as irreparable harms under the law. *See, e.g., Bryan v. Hall Chem. Co.*, 993 F.2d 831, 833-34 (11th Cir. 1993) (affirming district court's grant of preliminary injunction based on finding that employee would suffer irreparable injury by enforcement of non-competition agreement where employee "would be virtually unemployable in the industry in which he has spent

---

[2] *See* Restatement (Second) of Contracts § 188, cmt. d ("The extent of the restraint is a critical factor in determining its reasonableness. The extent may be limited in three ways: by type of activity, by geographical area, and by time. If the promise proscribes types of activity more extensive than necessary to protect those engaged in by the promisee, it goes beyond what is necessary to protect his legitimate interests and is unreasonable. If it covers a geographical area more extensive than necessary to protect his interests, it is also unreasonable. And if the restraint is to last longer than is required in light of those interests, taking account of such factors as the permanent or transitory nature of technology and information, it is unreasonable. Since, in any of these cases, the restraint is too broad to be justified by the promisee's need, a court may hold it to be unreasonable without the necessity of weighing the countervailing interests of the promisor and the public.").

most of his life"); *MacGinnitie v. Hobbs Grp., LLC*, 2005 WL 2787316 at *6 (11th Cir. Aug. 12, 2005) (reversing district court's denial of preliminary injunction enjoining enforcement of non-competition agreement where employee showed " irreparable harm which cannot be undone through monetary remedies, in the form of unenforceable restrictions on his access to customers, employees, and information. These injuries are in the form of lost opportunities, which are difficult, if not impossible, to quantify"). Enforcement of Paragraph 7 would cause Dr. Golden to be fired, render him virtually unemployable in his profession during the pendency of his appeal, and inflict grave damage to his career by cutting him off from any future opportunities arising out of his present employment. These harms would be irreparable even if Dr. Golden prevails on appeal.

Moreover, if the settlement proceeds forward, money paid to Dr. Golden thereunder will then be taken by the lawyers who have placed liens against it, which would impede Dr. Golden's ability to repay Defendants in the event he prevails. In order to be made whole after repaying Defendants, Dr. Golden would be forced to proceed against the lawyers who received the settlement proceeds pursuant to their liens, subjecting him to the burden of further litigation. As a matter of law, irreparable injury is established when transfers to third parties of a disputed fund would force the prevailing party to pursue a multiplicity of suits against transferees in order to recover. *See, e.g.*, *Lynch Corp. v. Omaha Nat. Bank,* 666 F.2d 1208, 1211-12 (8th Cir. 1981) (affirming district court order enjoining bank from transferring disputed funds from escrow account on grounds that, "[s]hould Lynch succeed in the South Dakota litigation, it would be forced to pursue the numerous transferees who received escrow money from ONB. Lynch's injury is irreparable and there is no adequate remedy at law because a multiplicity of suits would be required to gain relief"). If the settlement proceeds forward, Dr. Golden will be forced to transfer settlement proceeds to the lawyers who have placed liens against such proceeds, only to be forced to claw back these transfers if he succeeds on appeal. Under these circumstances, even a victory on appeal will not restore him to the *status quo*. Accordingly, Dr. Golden will be irreparably injured in the absence of a stay.

### C. The Balance of the Equities Militates in Favor of a Stay

In contrast to the harm that would occur if the settlement were enforced, there would be no significant harm to Defendants. This case has been pending since 2008. Defendants have already lost one appeal seeking to enforce the settlement. During that time, Defendants did not apparently make any effort to enforce the settlement, even though it does not appear to have been stayed. Allowing the *status quo* to remain will not cause them any "harm" they have not already endured. Enforcement of Paragraph 7 of the settlement does not protect any legitimate business purpose, such as protection against misappropriation of trade secrets. Indeed, Defendants have not indicated any harm, much less irreparable injury, that would occur if the status quo was maintained pending appeal.[3]

### D. A Stay Is in the Public Interest

Staying the Order will protect the "settled legislative policy in favor of open competition and employee mobility" recognized by the Ninth Circuit and California Supreme Court. Golden, 782 F.3d at 1091. It will also protect the public interest in having an undecided issue of law fully and fairly adjudicated in the Ninth Circuit. A stay will also protect the public interest in the practice of medicine. The California Supreme Court has recognized that "the provision of health care 'has a special moral status and therefore a particular public interest.'" *Potvin v. Metro. Life Ins. Co.*, 22 Cal. 4th 1060, 1070 (Cal. 2000) (quoting Cal. Managed Health Care Improvement Task Force, Rep. to Leg. (Dec. 13, 1997)). Thus, for example, "the relationship between insurers and their preferred provider physicians significantly affects the public interest" by determining the range of choices available to patients. *Id*. at 1070-71. By effectively preventing Dr. Golden from practicing medicine in at least large swaths of California, the settlement agreement reduces patient choice and harms the public interest in the availability of medical care. By contrast, no countervailing public interest exists.

---

[3] "If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly." *Gilder*, 936 F.2d at 422 (citation omitted).

### E. If No Stay Pending Appeal Is Granted, the Order Should Be Stayed Pending Dr. Golden Seeking a Stay from the Ninth Circuit

If the Court denies Dr. Golden's motion to stay the Order pending appeal, Dr. Golden respectfully asks that the Court temporarily stay its Order until such time as the Ninth Circuit has ruled on Dr. Golden's request for a stay pending appeal in the Court of Appeals. Doing so is within the Court's power pursuant to Federal Rule of Civil Procedure 62(c).

### CONCLUSION

For the reasons above, Dr. Golden respectfully requests that the Court clarify or stay the Order pending appeal.

Dated: December 27, 2016

BRAUNHAGEY & BORDEN LLP

By: /s/ *Matthew Borden*
Matthew Borden

Attorneys for Plaintiff Donald Golden, M.D.