1   Matthew Borden, Esq. (SBN: 214323)
        borden@braunhagey.com
2   J. Noah Hagey, Esq. (SBN: 262331)
        hagey@braunhagey.com
3   Eva Schueller, Esq. (SBN: 237886)
        schueller@braunhagey.com
4   BRAUNHAGEY & BORDEN LLP
    220 Sansome Street, Second Floor
5   San Francisco, CA 94104
    Telephone:  (415) 599-0210
6   Facsimile:  (415) 276-1808

7   ATTORNEYS FOR PLAINTIFF
    DONALD GOLDEN, M.D.
8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11

12

13   DONALD GOLDEN, M.D.,                    Case No. 10-cv-00437-JSW

14            Plaintiffs,                    **REPLY MEMORANDUM IN SUPPORT
                                             OF MOTION TO CLARIFY OR IN THE
15       v.                                  ALTERNATIVE STAY ORDER
                                             ENFORCING SETTLMENT
16   CALIFORNIA EMERGENCY PHYSICIANS         AGREEMENT**
     MEDICAL GROUP, et al.,
17
              Defendants.
18
                                             Date:   March 03, 2017
19                                           Time:   9:00 AM
                                             Dept:   Civil Law and Motion
20

21

22

23

24

25

26

27

28
                                                                10-cv-00437-JSW

Plaintiff Donald Golden, M.D. respectfully submits this Reply Memorandum in support of his Motion to Clarify and/or Stay the Order Enforcing Settlement Agreement (Dkt. No. 167).

## INTRODUCTION

Defendant's Opposition does not dispute the factual or legal basis why a stay of the Order Granting Motion to Enforce Settlement Agreement is necessary pending appeal. Nor does it provide any case law that would prevent this Court from *clarifying* that the Order is stayed pending appeal. Instead, Defendant's Opposition merely cites cases that are inapplicable here – where a party is unsure of its rights and seeks guidance from the court to determine and preserve the status quo. To the extent that Defendants agree that the status quo does not require further action or enforcement of the settlement agreement pending appeal, its Opposition lends support for Dr. Golden's argument for an explicit stay.  To the extent Defendants understand the status quo as something else, its Opposition lends support for Dr. Golden's argument for clarification of the Order. In any event, Dr. Golden's Motion does not seek to alter or amend the Order but instead seeks guidance from the Court to determine and preserve the status quo and therefore its Motion to Clarify and/or Stay the Order should be granted.

## I.    THIS COURT HAS THE POWER TO CLARIFY THE ORDER

Defendants fail to provide any basis that prevents this Court from clarifying the status quo and taking action to preserve it. The case law Defendants rely upon confirms this point. In *Natural Resources Defense Council v. Southwest Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir 2001), defendant challenged the district court's action pending appeal suggesting, as Defendants do here, that the district court can only act to preserve the status quo. The court held that a district court has the power under Rule 62(c) to take action pending an appeal so long as that action does not materially alter the status of the appeal. *Id*. at 1166-67.

The Ninth Circuit has elsewhere confirmed a district court's ability to clarify an order pending appeal. *Bordallo v. Reyes*, 763 F.2d 1098, 1101-02 (9th Cir 1985) (an appeal pending in the Ninth Circuit is not inconsistent with district court action on motion seeking clarification and a stay). *Bordallo* distinguished instances where a party requests to alter or amend a previous order or judgment with a request for "interpretation, which trial courts are often asked to supply, for the

guidance of the parties." *Id.* The Ninth Circuit found that the district court motion sought only clarification and/or a stay and held that the motion for clarification and/or stay in the district court could proceed concurrently with a pending Ninth Circuit appeal.

These are precisely the facts here. Dr. Golden's Motion does not seek to alter or amend the Order. Instead, Dr. Golden simply seeks clarification regarding what aspects of the settlement agreement the Order sought to enforce pending appeal. It does not appear that the Order intended to create a situation in which Dr. Golden was required to alter the status quo, *i.e.*, execute the settlement agreement and its attendant enforcement by Defendants, while an appeal was pending. Dr. Golden seeks clarification of what the Order intended.

## II.      AN EXPLICIT STAY WILL PRESERVE THE STATUS QUO

Defendant's Opposition suggests that no action is required by the District Court to preserve the status quo but underscores the necessity of this Court to clarify the Order and explicitly state what actions are required by the parties pending appeal.  The Order stated that the Court "shall not require distribution of the funds until Dr. Golden has exhausted any appeal options," but does not expressly state that enforcement of the remaining aspects of the settlement agreement is stayed pending the appeal. Prior Orders of this Court contained similar language and were interpreted by the Parties as staying enforcement of the settlement in its entirety pending ruling by the Ninth Circuit. Out of an abundance of caution and to properly preserve Dr. Golden's rights, Dr. Golden respectfully requests the Court clarify its order and expressly stay enforcement of the settlement agreement pending appeal in order to preserve the status quo.

## III.     DEFENDANT DOES NOT CHALLENGE THAT A STAY IS APPROPRIATE

Defendant's Opposition does not offer any substantive basis as to why a stay is not warranted in this instance. Defendant does not dispute that Dr. Golden's appeal raises substantial legal questions on the merits or that Dr. Golden will suffer irreparable injury absent a stay. A stay also is in the public interest and the balance of equities weighs in favor of stay.  Because Defendant does not dispute a stay is warranted on the merits, there is no reason that the Court should not expressly state that the Order is stayed pending a ruling by the Ninth Circuit.

## CONCLUSION

For the reasons above, Dr. Golden respectfully requests that the Court clarify and/or stay the Order pending appeal.

Dated:  January 17, 2017                                    BRAUNHAGEY & BORDEN LLP


By:   /s/ Matthew Borden
                Matthew Borden

Attorneys for Plaintiff Donald Golden, M.D.

REPLY MEMORANDUM IN SUPPORT OF MOTION FOR CLARIFICATION AND/OR STAY