PAGES 1 - 14

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DONALD GOLDEN, M.D., | ) | |
| PLAINTIFF, | ) | NO. C-10-00437 JSW |
| VS. | ) | FRIDAY, JUNE 17, 2016 |
| CALIFORNIA EMERGENCY PHYSICIANS MEDICAL GROUP, ET AL., | ) | OAKLAND, CALIFORNIA |
| DEFENDANTS. | ) | STATUS CONFERENCE |

**BEFORE THE HONORABLE JEFFREY S. WHITE, JUDGE**

**TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND RECORDING 11:01 A.M. - 11:18 A.M.**

**APPEARANCES:**

**FOR PLAINTIFF:**
GAGEN MCCOY
279 FRONT STREET
DANVILLE, CALIFORNIA 94526
BY: RICHARD C. RAINES, ESQUIRE

**FOR DEFENDANT:**
DONAHUE FITZGERALD, LLP
1999 HARRISON STREET, 25TH FLOOR
OAKLAND, CALIFORNIA 94612
BY: SARA E. ROBERTSON, ESQUIRE
MARK A. DELGADO, ESQUIRE

**TRANSCRIBED BY:**
DIANE E. SKILLMAN, TRANSCRIBER
510-451-2930

FRIDAY, JUNE 17, 2016 11:01 A.M.

P R O C E E D I N G S

**THE CLERK:** CALLING CASE NUMBER C-10-00437 DONALD GOLDEN M.D. VERSUS CALIFORNIA EMERGENCY PHYSICIANS MEDICAL GROUP.

COUNSEL, PLEASE STEP FORWARD TO THE PODIUMS AND STATE YOUR APPEARANCES.

**MR. RAINES:** GOOD MORNING, YOUR HONOR. RICHARD C. RAINES APPEARING FOR PLAINTIFF.

**THE COURT:** GOOD MORNING.

**MS. ROBERTSON:** GOOD AFTERNOON, YOUR HONOR. SARAH ROBERTSON OF DONAHUE FITZGERALD APPEARING ON BEHALF OF DEFENDANTS.

**THE COURT:** GOOD MORNING.

**MR. DELGADO:** GOOD MORNING, YOUR HONOR. MARK DELGADO ON BEHALF OF DEFENDANTS.

**THE COURT:** ALL RIGHT. GOOD MORNING, COUNSEL.

SO THE FIRST ORDER OF BUSINESS IS THE COURT ISSUED AN ORDER REQUIRING THAT THE CLIENTS BE HERE.

IS DR. GOLDEN HERE?

**MR. RAINES:** NOT AT THIS TIME, YOUR HONOR.

**THE COURT:** DO YOU -- ARE YOU AWARE OF WHETHER HE KNOWS OF THE ORDER?

**MR. RAINES:** HE DEFINITELY KNOWS OF THE ORDER. HE ASKED ME FOR EXACTLY WHERE HE HAD TO BE AND WHEN, AND I TOLD

HIM. AND HE ASKED ME AGAIN FOR THAT, AND I TOLD HIM AGAIN. SO HE DEFINITELY KNOWS WHERE HE IS SUPPOSED TO BE AT THIS MOMENT.

**THE COURT:** ALL RIGHT. WELL, I'LL DEAL WITH THAT AFTER THE -- AFTER THIS HEARING.

WHAT ABOUT FOR THE DEFENDANTS?

**MS. ROBERTSON:** YOUR HONOR, WE DO HAVE REPRESENTATIVE OF CEP AND THE INDIVIDUAL DEFENDANTS HERE TODAY.

**THE COURT:** OKAY. VERY WELL.

**MS. ROBERTSON:** WE DON'T HAVE THE INDIVIDUALS, BUT HE'S REPRESENTING THEM AS THE CLIENT REP.

**THE COURT:** OKAY. VERY WELL. THAT'S WHAT I REQUIRED.

ALL RIGHT. SO HERE'S WHY THE OBVIOUS REASON I BROUGHT YOU IN HERE. THERE WAS A PUTATIVE SETTLEMENT THAT WAS BREACHED BY A -- THROUGH A MEDIATOR AND PUT ON THE RECORD. AND SUBSEQUENTLY IT APPEARED THAT WHEN THE DOCUMENTATION WAS BEING CIRCULATED, THERE WAS AN ISSUE ABOUT WHAT THE SETTLEMENT REQUIRED, WHAT IT -- WHAT THE PARTIES AGREED TO, AND THEN THERE WAS SOME DISCUSSION ABOUT POSSIBLY, IN LIGHT OF THAT, MAKING MOTIONS, CROSS-MOTIONS TO ENFORCE THE SETTLEMENT AGREEMENT.

AND THEN -- SO THERE WAS A BRIEFING ABOUT THAT AND STATUS CONFERENCE STATEMENTS. AND THERE WAS A REFERENCE TO -- BY -- APPARENTLY THE ISSUE THAT AROSE, AT LEAST FROM THE PERSPECTIVE

OF THE PLAINTIFF, WAS THIS PARAGRAPH 7 HAVING TO DO WITH ESSENTIALLY AN AGREEMENT NOT TO APPLY FOR A POSITION AT THE CALIFORNIA EMERGENCY PHYSICIANS MEDICAL GROUP.

AND THE -- IN THE BRIEFING, THE DEFENDANT HAS INDICATED THAT IN THE CONTEXT OF A FINAL SETTLEMENT AGREEMENT, THAT THEY DID NOT BELIEVE THAT THAT PARAGRAPH 7 WAS NECESSARY AND MIGHT BE AMENABLE TO REMOVING THAT.

HAVE I CORRECTLY STATED YOUR POSITION?

**MS. ROBERTSON:** VERY CLOSELY, YOUR HONOR.

THE ONLY FRIENDLY AMENDMENT I WOULD MAKE TO THAT IS THAT WHILE PARAGRAPH 7 WAS MATERIAL AT THE TIME OF THE SETTLEMENT IN 2011, WITH THE PASSAGE OF TIME, FIVE YEARS HAVING GONE BY, THE DEFENDANT IS WILLING TO LIVE WITHOUT THAT PROVISION.

BUT, YES, ESSENTIALLY WHAT YOU SAID IS CORRECT.

**THE COURT:** OKAY. AND IN FAIRNESS, WHAT COUNSEL, YOU'VE JUST STATED WAS EXACTLY THE CASE AND I WAS A LITTLE LOOSE WITH THE LANGUAGE THAT I CHOSE. WHAT YOU STATED IS CORRECT.

SO BEFORE I DO ANYTHING FURTHER, I THOUGHT -- THERE APPEARED TO BE THE MAKINGS OF A SETTLEMENT, AN ACTUAL SETTLEMENT IN FRONT OF OUR EYES, AND BEFORE WE GOT INTO ISSUES RELATING TO MOTIONS TO ENFORCE SETTLEMENT AGREEMENTS THAT THE PARTIES DON'T AGREE EXIST, I THOUGHT I WOULD, YOU KNOW, AS HAS BEEN SAID, GIVE PEACE A CHANCE HERE.

SO LET ME TURN TO THE PLAINTIFF'S ATTORNEY AND FIND OUT

WHETHER YOU KNOW WHETHER YOUR CLIENT WOULD BE WILLING TO SIGN THE SETTLEMENT AGREEMENT AS IS IF THE DEFENDANTS WERE WILLING TO REMOVE, LIVE WITHOUT IT, AS COUNSEL PUT IT, PARAGRAPH 7.

**MR. RAINES:** WELL, YOUR HONOR, AS HAS BEEN STATED -- THIS IS RAINES SPEAKING.

FIVE YEARS -- MORE THAN FIVE YEARS HAS ELAPSED SINCE THAT SETTLEMENT WAS REACHED. AND IN THAT TIME, DR. GOLDEN HAS HAD TO LIVE WITH THE SPECTER OF THE ENFORCEABILITY OF PARAGRAPH 7, AND DR. GOLDEN HAS INCURRED SIX FIGURES OF ATTORNEY'S FEES IN FIGHTING PARAGRAPH 7.

AND SO IT IS MY VIEW THAT IF CEP IS WILLING TO SWEETEN THE POT SUBSTANTIALLY, THAT I WOULD RECOMMEND THAT DR. GOLDEN SIGN THE SETTLEMENT AGREEMENT WITHOUT PARAGRAPH 7.

**THE COURT:** ALL RIGHT.

AGAIN, I DON'T WANT TO GO DOWN THE SLOPE OF CONDUCTING SETTLEMENT DISCUSSIONS HERE NOW FOR OBVIOUS REASONS, ESPECIALLY IF THE COURT -- THIS COURT WAS GOING TO BE CALLED UPON TO MAKE FURTHER RULINGS IN THE CASE.

BUT LET ME, LET ME ASK CEP'S COUNSEL WHETHER -- I'M NOT ASKING YOU TO BASICALLY AGREE TO GIVE ANY MORE MONEY OR MUCH LESS SWEETENING THE POT, AS PLAINTIFF'S COUNSEL JUST INDICATED OR USED THAT PHRASE, BUT WHETHER THERE WOULD BE ANY BENEFIT TO SENDING YOU BACK TO A MEDIATOR TO TRY TO IRON THIS OUT.

AND IRONING IT OUT DOESN'T MEAN HOW MUCH MONEY THEY ARE GOING TO EXACT FROM YOU. IT MEANS MAYBE GIVING -- I'LL SAY

THIS TO BE EQUAL HERE -- BOTH PARTIES SAY, KIND OF A REALITY CHECK, ON WHAT WAS AGREED TO AND WHAT IS ENFORCEABLE AND WHAT CAN BE IRONED OUT BETWEEN THE PARTIES, AS OPPOSED TO GETTING INTO MOTION PRACTICE ABOUT -- WHERE THE COURT WOULD BE CALLED UPON TO DETERMINE WHAT THE PARTIES EXACTLY AGREED TO, WAS PARAGRAPH 7 AGREED TO OR NOT, AND THEN WHAT IS THE APPROPRIATE REMEDY.

SO WHAT DO YOU HAVE TO SAY ABOUT THAT?

**MS. ROBERTSON:** YOUR HONOR, I THINK IN THE INTEREST OF GIVING PEACE A CHANCE, AS YOU SAID, I DON'T SEE HOW IT WOULD HURT THE PARTIES TO HAVE ANOTHER EFFORT AT DISCUSSING THIS, YOU KNOW, ON THE PARAMETERS THAT YOU INDICATED.

I DON'T -- I CAN'T SAY THAT CEP WOULD BE ENTHUSIASTIC ABOUT, YOU KNOW, SOME OF WHAT MR. RAINES JUST SAID, BUT AT THE SAME TIME, I THINK HAVING THAT OPPORTUNITY TO TALK ABOUT WHERE WE STAND IN THE CASE NOW AND WHAT WOULD BE THE IMPACT OF THE AGREEMENT WITHOUT THAT PARAGRAPH AT THIS POINT IS PROBABLY WORTH DISCUSSING.

**THE COURT:** YEAH. BECAUSE, AGAIN, IT WOULD BE KIND OF -- AS IN ANY MEDIATION, BUT ALSO SIMILAR TO AN EARLY NEUTRAL EVALUATION, ALTHOUGH THIS IS NOT EARLY, THIS WOULD BE ANOTHER MEDIATOR, NOT THE MEDIATOR YOU DEALT WITH BEFORE. BECAUSE I THINK THERE'S ISSUES THERE WITH, YOU KNOW, OWNERSHIP OF THE DEAL AND ALL THAT, TO SAY, HEY, I'VE LOOKED AT THIS AND, YOU KNOW, HERE IS MY VIEW ABOUT IT.

AND IT MAY WELL BE -- AGAIN, I'M JUST SPEAKING, YOU KNOW, OUT LOUD HERE, AS IS RARELY TYPICALLY THE CASE, IF THE ALTERNATIVE IS TO UNDERGO SIGNIFICANT MOTION PRACTICE, THERE'S A COST TO THAT THAT MAY OR MAY NOT BE RECOVERABLE, AND THAT'S WHY I WANTED THE CLIENT REPRESENTATIVES HERE BECAUSE THAT -- TO THE EXTENT THAT SOME PART OF THAT COST COULD BE PART OF THE MEDIATION, AVOIDING ADDITIONAL ATTORNEY'S FEES, THERE MAY BE SOME, YOU KNOW, SOME POSSIBILITY OF RESOLUTION.

THAT'S WHY I THOUGHT THAT GETTING YOU HERE WITH THE CLIENT REPRESENTATIVES WOULD BE THE WAY TO GO BECAUSE I WILL SAY TO BOTH PARTIES, WITHOUT OBVIOUSLY TAKING A POSITION, THAT OUR MEDIATORS ARE REALLY GOOD.

THE PAPERS INDICATE THAT THE MEDIATION -- THE AGREEMENT WAS PUT ON THE RECORD.  AND IF, YOU KNOW, IF THERE ARE -- IF IT IS DETERMINED THAT ONE OR THE OTHER PARTY HAS ACTED IN BAD FAITH IN TERMS OF INTERPRETING THE AGREEMENT OR ESSENTIALLY TRYING TO NOT COMPLY WITH THE AGREEMENT, THERE'S A POTENTIAL OF ATTORNEY'S FEES ON BOTH SIDES.  IN OTHER WORDS, DR. GOLDEN IS NOT OUT OF THE WOODS.  HE COULD VERY WELL BE HELD TO BE REQUIRED AS PART OF A REMEDY, IF IT'S CLEAR, AND AGAIN, I'M NOT TAKING ANY POSITION ABOUT THAT AT THIS TIME BECAUSE I DON'T HAVE ANY POSITION ON IT, THAT THERE'S -- THERE'S LIABILITY ON BOTH SIDES.  THIS IS NOT A FREE RIDE FOR DR. GOLDEN.  THAT'S WHY I WANTED HIM HERE.  IT'S CERTAINLY NOT A FREE RIDE FOR CEP, ALTHOUGH I DO APPRECIATE CEP'S

WILLINGNESS TO TAKE A POSITION WITH RESPECT TO PARAGRAPH 7.

SO I THINK THAT IN LIGHT OF THAT, I'M GOING TO -- WHAT I'M GOING TO DO IS I'M GOING TO REFER YOU OUT TO THE ADR DEPARTMENT. I'M GOING TO CALL HOWARD HERMAN, THE DIRECTOR OF -- TO SEE THAT WE GET SOMEBODY WHO'S -- CAN BE SPOT ON WITH THIS, SOMEBODY WHO IS REALLY FAMILIAR WITH THIS AREA, TO TAKE THIS ON AN EXPEDITED BASIS AND HAVE THIS DONE WITHIN 30 DAYS.

AND IF THE MATTER DOESN'T SETTLE WITHIN 30 DAYS, I'M GOING -- I'LL SET A DATE TO HAVE A STATUS REPORT BY BOTH SIDES WHICH COULD BE, THE CONTOURS OF WHICH COULD BE A PROPOSED BRIEFING SCHEDULE ON CROSS-MOTIONS TO ENFORCE THE SETTLEMENT.

DOES THAT MAKE SENSE TO PLAINTIFF?

**MR. RAINES:** YOUR HONOR, THIS IS RAINES SPEAKING.

I BELIEVE THAT THE MOTION TO ENFORCE THE SETTLEMENT BRIEFING HAS ALL BEEN DONE AND IS NOW PENDING BEFORE THE COURT. SO I DON'T KNOW WHAT WOULD BE BRIEFED OTHER THAN WHAT WE HAVE ALREADY DONE.

ON REMAND FROM THE NINTH CIRCUIT, THE ISSUE WAS FOR THE COURT TO DETERMINE WHETHER OR NOT PARAGRAPH 7 CONSTITUTES A RESTRAINT OF A SUBSTANTIAL CHARACTER. THAT BRIEFING HAS ALL BEEN DONE AS FAR AS I KNOW. THAT WOULD -- THAT IS UNDER SUBMISSION NOW WITH THE COURT AND IF THE SETTLEMENT --

**THE COURT:** BUT ISN'T THERE -- THERE'S ANOTHER ISSUE, WHICH IS WAS PARAGRAPH 7 EVEN AGREED -- WAS IT A MATERIAL PART OF THE AGREEMENT?

**MR. RAINES:** I BELIEVE THE NINTH CIRCUIT RULED THAT AT THE ORAL ARGUMENT, CEP TOOK THE POSITION THAT PARAGRAPH 7 WAS AN INTEGRAL AND MATERIAL PART AND THAT THEY COULD NOT LIVE WITHOUT, AND USING THE CURRENT TERMINOLOGY, PARAGRAPH 7. AND THAT'S WHY IT WAS REMANDED TO THIS COURT FOR THAT DETERMINATION. BECAUSE IF PARAGRAPH 7 VIOLATES BUSINESS AND PROFESSIONS CODE 16600, THEN THE ENTIRE AGREEMENT IS VOID.

**THE COURT:** ALL RIGHT. I UNDERSTAND THAT.

DO YOU AGREE WITH THAT?

**MS. ROBERTSON:** I DEFINITELY AGREE THAT I THINK THE BRIEFING ON THE MOTION TO ENFORCE THE SETTLEMENT HAS BEEN DONE. AND ABSOLUTELY IT WAS CEP'S POSITION UP THROUGH THE TIME AND IT STILL IS THAT IT WAS A MATERIAL TERM OF THE AGREEMENT. ONLY BY WAY OF DISCUSSING SETTLEMENT WERE WE SAYING THAT AT THIS POINT WE WOULD BE WILLING TO NEGOTIATE ABOUT THAT.

BUT, YES, I THINK THAT THE PROCEDURAL POSTURE AS MR. RAINES OUTLINED IS CORRECT.

**THE COURT:** ALL RIGHT. YOU KNOW, I'VE READ THE PAPERS AND SORT OF THE -- THIS WHOLE ISSUE THAT CAUSED THE COURT TO BRING THE PARTIES IN AROSE BECAUSE OF THAT, I WON'T CALL IT A CONCESSION, BUT THE STATEMENTS BY CEP ABOUT PARAGRAPH 7 WHICH WAS GOING TO BE THE SUBJECT OF THE PROCEEDINGS ON REMAND. SO THAT HAVING BEEN SAID, THAT'S WHY I BROUGHT YOU IN.

SO -- AND I WILL TELL YOU WHAT I HAD ALREADY DECIDED ANYWAY, THAT THE COURT, BASED UPON THE BRIEFING THAT'S BEEN SUBMITTED TO THE COURT, THE COURT'S TENTATIVE VIEW IS THAT NO EVIDENTIARY HEARING IS REQUIRED. PERIOD. THE FACTS ARE NOT -- NO MATERIAL FACTS ARE IN DISPUTE. THE ISSUE IS THE LEGAL IMPLICATIONS OF PARAGRAPH 7 WITHIN THE SCOPE OF THE MANDATE OF THE NINTH CIRCUIT.

THE COURT AT THIS POINT TENTATIVELY BELIEVES IT HAS ENOUGH TO RULE ON THAT. AND BRINGING YOU IN WITH THE SORT OF, ON ONE SIDE OR THE OTHER, THE IN TERROREM EFFECT OF NOT HAVING -- BECAUSE I DON'T KNOW WHAT MY RULING IS GOING TO BE YET, I INTENTIONALLY DID NOT GO ABOUT SAYING OR MAKING A CONCLUSION ABOUT WHAT IS THE RULING IN ACCORDANCE WITH THE NINTH CIRCUIT'S MANDATE. SO INSTEAD YOU HAVE TO SEE IF WE CAN AVOID HAVING TO REACH THAT POINT.

BUT WHAT I WILL REQUIRE IS -- I STILL WANT A STATUS REPORT FROM YOU WITHIN TEN DAYS AFTER THE 30 DAY -- I'M GOING TO GIVE YOU A 30-DAY DEADLINE. AND YOU'LL BE COMMUNICATING -- YOU WILL GET COMMUNICATIONS FROM THE ADR DEPARTMENT.

AND AT THAT POINT, IF THE PARTIES SAY THE CASE HAS NOT BEEN SETTLED, THEN THE MATTER WILL BE SUBMITTED, AND THE COURT THEN WILL MAKE A FINAL DETERMINATION ABOUT THE NEED FOR AN EVIDENTIARY HEARING, WHICH I SAID RIGHT NOW I DON'T THINK WE NEED, AND THEN I WILL ISSUE MY ORDER AND WE'LL GO FORWARD.

YES, COUNSEL.

**MS. ROBERTSON:** COULD I JUST ASK ONE KIND OF CLARIFYING THING?

WHEN IT COMES TO THE ADR EFFORT, WHEN WE HAD OUR SETTLEMENT EFFORTS WITH MAGISTRATE RYU, WE -- I THINK WE WERE SET FOR A COUPLE OF HOURS ONE AFTERNOON, AND IT ENDED UP GOING LATE INTO THE EVENING. IT JUST -- IT WAS A VERY, VERY LONG PROCESS.

AND I DON'T, ESPECIALLY WITHOUT HAVING CONFERRED ABOUT WHAT YOU HAVE BEEN ASKING, I DON'T WANT TO COMMIT US AND OUR CLIENT TO, YOU KNOW, A 15-HOUR MEDIATION OR SOMETHING LIKE THAT. I DON'T THINK THAT'S WHAT YOU HAVE IN MIND.

**THE COURT:** NO, I'M -- NOT AT ALL.

**MS. ROBERTSON:** I WONDER IF WE CAN PUT SOME KIND OF A REASONABLE EXPECTATION ON THE DURATION OF ANY KIND OF ADR EFFORT THAT WE'RE ORDERED TO IN SHORT ORDER HERE.

**THE COURT:** I DON'T THINK I CAN DO THAT.

**MS. ROBERTSON:** OKAY.

**THE COURT:** I'M NOT SAYING -- I'M NOT, BY SAYING THAT, SAYING IT'S GOING TO BE OPEN ENDED OR WHATEVER. OBVIOUSLY THERE'S GOING TO BE A, YOU KNOW, A RULE OF REASON OR I WILL TALK TO THE ADR DEPARTMENT AND INDICATE THAT I WOULD EXPECT THIS TO BE A FAIRLY RELATIVELY SHORT PROCEEDING WHEREBY THE PARTIES STATE THEIR POSITIONS, THE MEDIATOR STATES HIS OR HER POSITION, AND A DECISION IS MADE, AND AT THAT POINT YOU CAN FILE YOUR STATUS REPORT. SO --

**MS. ROBERTSON:** THANK YOU, YOUR HONOR.

**THE COURT:** SO LET'S SET A DATE OF 30 DAYS -- THIS WILL BE THE DATE BY WHICH IT IS TO BE COMPLETED. AND THEN YOU'LL BE IN TOUCH WITH THE ADR DEPARTMENT, AND THEY WILL SET A DATE THAT WORKS FOR EVERYBODY.

AND THEN TEN DAYS THEREAFTER WOULD BE THE FILING OF THE STATUS REPORT ONE WAY OR THE OTHER, A JOINT STATUS REPORT.

MS. OTTOLINI?

**THE CLERK:** SO 30 DAYS WILL BE BY JULY 18TH. AND THEN TEN DAYS FROM JULY 18TH WOULD BE JULY 28TH.

**THE COURT:** ALL RIGHT.

AGAIN, I WILL CALL -- I HAVE ALREADY SPOKEN TO, IN ADVANCE OF THIS MEETING -- STATUS CONFERENCE WITH THE -- WITH MR. HERMAN, AND HE'S FULLY ON BOARD WITH GETTING SOMEBODY ON SHORT NOTICE. SO IT MIGHT EVEN BE SHORTER THAN THE 30 DAYS. 30 DAYS IS THE OUTSIDE DATE. BUT I'M GOING TO TELL HIM THAT THE PARTIES, YOU KNOW, ARE PRETTY MUCH READY TO GO SUBJECT TO THEIR RESPECTIVE SCHEDULES AND COUNSEL'S SCHEDULES.

SO THAT'S WHAT WE WILL DO.

COUNSEL, MR. RAINES, I NOTICED THAT A COUPLE OF FOLKS WALKED INTO THE COURTROOM.

**MR. RAINES:** YES. DR. GOLDEN IS HERE, YOUR HONOR.

**THE COURT:** ALL RIGHT. I'M WONDERING WHY HE'S LATE.

**MR. RAINES:** WOULD YOU LIKE ME TO CONFER --

**THE COURT:** WHY DON'T YOU CONFER -- I RATHER NOT HAVE

HIM SPEAK PERSONALLY, BUT I WOULD LIKE TO KNOW WHY HE'S LATE.

(PAUSE IN THE PROCEEDINGS.)

**MR. RAINES:** THERE ARE THREE REASONS, YOUR HONOR.

ONE IS DR. GOLDEN WORKED A 12-HOUR SHIFT FROM SEVEN P.M. LAST NIGHT TO SEVEN A.M. THIS MORNING.

THE SECOND REASON IS THAT THE WOMAN ACCOMPANYING DR. GOLDEN, HAS BEEN HIS MORAL SUPPORT THROUGH THIS, HE PICKED HER UP THIS MORNING AND SHE WAS NOT READY TO GO WHEN SHE WAS SUPPOSED TO BE READY TO GO.

AND THE THIRD REASON IS RATHER PERSONAL.

**THE COURT:** WELL, PLEASE ADVISE HIM THAT WHEN THE COURT ISSUES AN ORDER, IT'S NOT -- IT'S NOT OPTIONAL. IT'S NOT HORTATORY, IT'S MANDATORY. NO EXCUSES ARE ACCEPTED. IF THERE'S SOME CONTINGENCY OR EXIGENCY, THERE ARE PROCEDURES FOR ASKING FOR LEAVE DELAYING THE PROCEEDING.

BUT WHEN THE COURT, YOU KNOW, ISSUES AN ORDER, IT'S PROBABLY EVEN STRONGER THAN A DOCTOR ISSUING AN ORDER TO A PATIENT BECAUSE THE PATIENT IS FREE TO DISREGARD A DOCTOR'S ORDER, WHERE A PARTY TO A LITIGATION IS NOT FREE FOR ANY REASON. AND IF THERE IS A REASON, THEN YOU GET PERMISSION TO BE LATE.

SO I WOULD HOPE YOU WOULD DISCUSS THAT WITH YOUR CLIENT IN THE FUTURE.

**MR. RAINES:** I WILL BE SURE TO DO SO, YOUR HONOR.

**THE COURT:** THANK YOU.

SO THAT IS THE ORDER OF THE COURT. AND, AGAIN, WE'LL -- IF THE CASE DOESN'T SETTLE, THE COURT WILL ISSUE AN ORDER AND WE WILL COVER ALL OF THE ISSUES THAT ARE RAISED BY YOUR PAPERS, AND THEN WE WILL SEE WHERE WE GO FROM THERE.

ALL RIGHT? THANK YOU VERY MUCH, COUNSEL.

**MR. RAINES:** THANK YOU, YOUR HONOR.

(PROCEEDINGS ADJOURNED AT 11:18 A.M.)

**CERTIFICATE OF TRANSCRIBER**

I CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT, TO THE BEST OF MY ABILITY, OF THE ABOVE PAGES OF THE OFFICIAL ELECTRONIC SOUND RECORDING PROVIDED TO ME BY THE U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, OF THE PROCEEDINGS TAKEN ON THE DATE AND TIME PREVIOUSLY STATED IN THE ABOVE MATTER.

I FURTHER CERTIFY THAT I AM NEITHER COUNSEL FOR, RELATED TO, NOR EMPLOYED BY ANY OF THE PARTIES TO THE ACTION IN WHICH THIS HEARING WAS TAKEN; AND, FURTHER, THAT I AM NOT FINANCIALLY NOR OTHERWISE INTERESTED IN THE OUTCOME OF THE ACTION.

Diane E. Skillman

DIANE E. SKILLMAN, TRANSCRIBER

WEDNESDAY, FEBRUARY 1, 2017